### The State v. Gillett.

1. **Criminal Law**: GREAT BODILY INJURY: DEFINITION OF. A great bodily injury is an injury to the person of a more grave and serious character than a battery, but what, precisely, constitutes such an injury cannot be stated in an instruction, but is a question for the jury in each case.

*Appeal from the Floyd District Court.*

MONDAY, JUNE 20.

THE defendant was indicted for an assault upon one Zeaman Magoon, with intent to inflict a great bodily injury. He was tried and found guilty as charged, and he appeals.

*Miller & Cliggitt*, for the appellant.

*Smith McPherson, Attorney General*, for the State.

DAY J.—I. The prosecuting witness, Zeaman Magoon, at the time of the injury complained of lived with the defendant, and at the time of the trial was about eight years old. He testified that the defendant whipped him with a crupper to harness, with a buckle on the end of it. He was examined some time afterward, and injuries, covered with scabs, some of which were suppurating, were found on his back and side. The court gave the jury an instruction as follows: "A great bodily injury is an injury to the person of a more grave and serious character than an ordinary battery, and the indictment charges that defendant intended to inflict such an injury on the boy Magoon. It is not only necessary for the State to prove that the defendant committed an assault, but it must go farther and prove the intent with which he committed it, and that it was to inflict a grave and more serious injury than an ordinary battery or whipping. If the proof should show an assault and battery, but fail to show the ulterior intent charged, the convic-

tion could only be for assault and battery." The giving of this instruction is assigned as error. It must be conceded that the instruction does not furnish the jury the means of determining what is the extent of an injury which will con-stitute a great bodily injury, for the limits of an assault and battery, with which it is compared, and which it is declared to exceed, are not defined. And yet it must be admitted that the instruction defines a great bodily injury as accurately and completely as it is susceptible of definition, as a matter of law. Whether an injury is a great or only a slight bodily injury is essentially a question of fact, and it is difficult to see how any greater aid can be furnished the jury in deter-mining that question than was done by the court in this case.

It is true that a great bodily injury is an injury to the per-son of a more grave and serious character than an ordinary battery. The objection to the instruction is, not that it states an incorrect proposition, but that the proposition stated is not presented with sufficient completeness. We are unable to perceive how the defendant could, in any way, have been prejudiced by the instruction.

II.   The defendant assigns as error the giving of the fol-lowing instructions:   "The intent with which an act is done is an act or emotion of the mind seldom if ever capable of di-rect and positive proof, but is to be arrived at by such just and reasonable deduction or inferences from the acts and facts proved as the guarded judgment of a candid and cau-tious man would draw ordinarily therefrom. The law war-rants the presumption or inference that a person intends the results or consequences to follow an act which he intention-ally commits which ordinarily do follow such acts. If a per-son makes an assault on another and inflicts on him an injury of a more serious character than an ordinary battery, the pre-sumption is warranted that he intends to inflict a great bodily injury, if there is no evidence tending to show that he in-tended a less injury. If you find that defendant committed the assault charged, you will determine his intent in so doing

by the surrounding circumstances and all the evidence in the case before you which tends to show the intent."

The instruction contains a correct enunciation of the law, and gives the jury the proper direction.

III. The court instructed the jury as follows: "If the boy Magoon was a member of the defendant's family, and he had taken him to care for and bring up, he would have the right to administer such wholesome and moderate correction as parents usually inflict for the discipline and correctional good of their children, and for such moderate correction or corporal punishment he could not be convicted of any offense, not even of assault or assault and battery. But if the punishment went clearly beyond the degree of moderatiom and was unreasonably severe and cruel, he would be guilty at least of assault and battery."

The giving of this instruction is assigned as error. It is urged that it assumes the fact of punishment having been inflicted by the defendant. We are of opinion, however, that, taking the entire charge of the court together, the defendant could not have been prejudiced by the last clause of this instruction. The instructions asked and refused, so far as applicable and proper to be given, were sufficiently covered by the charge of the court.

IV. A witness detailing certain admissions of the defendant as to the whipping of Magoon testified as follows: "He said he had whipped him until he dirtied on the floor, and then made him eat it." The last part of this answer is objected to as immaterial. It is evidently, however, a part of the *res gestae*. If any one present at the occurence had been introduced to testify as to the transaction, it would be competent for him to relate all that transpired at the time of the whipping. On the same grounds the defendant's statement as to all that occured is competent. We discover no substantial error in the record.

AFFIRMED.