73   643
80   520

THE STATE v. REDFIELD.

1. **Assault with Intent:** EVIDENCE OF POSSIBLE RESULTS OF INJURIES.   A person making an assault upon another is presumed to have intended all such consequences as are ordinarily to be apprehended as the result of his act, but not such consequences as, in the judgment of an expert in medical science, might follow.   And so, in a prosecution for an assault with intent to commit great bodily injury, the evidence of a physician as to the results which, in his opinion, might be expected to follow from the acts of the defendant, was erroneously admitted, where it was not claimed that such results did follow.

*Appeal from Page District Court.*

WEDNESDAY, DECEMBER 21.

THE defendant was convicted of the crime of assault with

intent to inflict a great bodily injury, and a fine of $250 was imposed upon him, and he appeals.

*W. P. Ferguson*, for appellant.

*A. J. Baker, Attorney-general*, for the State.

REED, J.—The offense charged is alleged to have been committed against May Redfield, who is a daughter-in-law of the defendant. The said May Redfield lived in a house which belonged to defendant. Some trouble arose between the parties, in consequence of which defendant ordered her to leave the premises, and, on her refusing to leave, he ejected her from the house. She testified, in effect, that he seized her by the arm and jerked her violently out of the chair in which she was sitting, and that he pushed or pulled her out of the house, and struck her a blow which knocked her off the porch, and that she fell to the ground, a distance of two or three feet, and that the injuries she received caused her back and head to ache, and caused sickness at the stomach. Defendant, in his testimony, admitted that he used some degree of force in expelling her from the house, but denied that he struck her, or that she was thrown or fell from the porch.

The state called as a witness one Dr. Enfield, a practicing physician, and asked him a number of questions, the purpose of which was to elicit his opinions as to the results which might be expected to follow from a blow and violence of the character of that which the prosecutrix claimed to have received in the transaction in question. The answers of the witness, which were received against defendant's objection, were to the effect that concussion of the brain might be caused by such injuries. In our opinion, the objection should have been sustained. It was proper to inquire as to the injuries which the prosecutrix actually sustained in the transaction, but the only legitimate purpose of such inquiry was to show the intent with which defendant acted in commit-

ting the assault. But the questions were asked, not for the purpose of showing the extent of the injuries actually sustained, but with the object of proving that other results more serious than those might have followed from the act. Defendant is presumed to have intended all such consequences as were ordinarily to be apprehended as the result of his act; but if a result might have followed which could have been anticipated only by a person of learning or experience in medical science, it cannot be said that defendant, who is not possessed of such learning or experience, intended that result, for, as he could not have known that the result would or might follow from his act, he could not have contemplated or intended it. The witness was examined as an expert, and his testimony tended to prove that a physician of skill and experience might have apprehended that consequences of a serious character would or might follow from the act. The evidence was incompetent and immaterial.

REVERSED.