STATE OF IOWA, Appellee, v. JOSEPHINE WILSON and ESSIE JACKSON, Appellants.

**Intoxicating liquors:** ILLEGAL SALE: PRESUMPTION: PROOF. The unlawful possession of intoxicating liquor in a place of public resort may be shown by any competent evidence, and when so shown the presumption arises under the statute that the same was kept for illegal sale. It need not have been found by an officer under a search warrant to raise this presumption.

**Same:** PRESUMPTION: INSTRUCTION. The presumption that intoxicating liquor is kept for illegal sale, which arises under the statute from its unlawful possession, is rebuttable by other evidence, and the jury should be so instructed when there is any evidence of that character. But where there is no such evidence disclosed by the record the appellate court will presume that the instructions were in accord with the evidence on the trial, and will not reverse because of failure to so instruct.

*Appeal from Mahaska District Court.*—HON. B. W. PRESTON, Judge.

TUESDAY, OCTOBER 24, 1911.

INDICTMENT for maintaining a liquor nuisance. There was a verdict of guilty, and judgment thereon. The defendants appeal. *Affirmed*.

*Dan Davis* and *McCoy & McCoy*, for appellants.

*George Cosson*, Attorney-General, and *John Fletcher*, Assistant Attorney-General, for the State.

EVANS, J.—I. The complaint of appellants in this appeal is directed solely against instruction No. 7, given by the trial court. The instruction in question dealt with

*1. INTOXICATING LIQUORS: illegal sale: presumption: proof.*

the provisions of section 2427 of the Code. Such section is in part as follows: "The finding of intoxicating liquors in the possession of one not legally authorized to sell or use the same, except in a private dwelling house, which does not include or is not used in connection with a tavern, public eating house, restaurant, grocery, or other place of public resort, or the finding of the same in unusual quantities in a private dwelling house or its dependencies or any person keeping a tavern, public eating house, grocery, or other place of public resort, shall be presumptive evidence that such liquors are kept for illegal sale." In dealing with the provisions of this section, the trial court instructed that this presumption obtained if intoxicating liquor is "found or seen" or "is in any building which is a place of public resort," etc. The contention of appellants is that it is not sufficient that intoxicating liquor be in fact contained in such a building, or that it shall have been *seen* therein. They contend, further, that the presumption of the statute can only obtain in cases where intoxicating liquor has been "found" in such a building by an officer under a search warrant. No authorities are cited in support of this contention. It impresses us as quite unsound. We can think of no good reason why such a limited meaning should be attached to the word "found," as contained in the statute. Proof of the possession of intoxicating liquor by the defendants in a "public eating house" is the substantial fact within the contemplation of the statute. The method of proof is not defined by the statute.

II. The defendants further complain in that the trial court failed to instruct that the statutory presumption is disputable or rebuttable by other evidence. We would be

disposed to sustain this contention, if there were any evidence in the record before us tending in any degree to rebut or overcome such presumption. The appellants have chosen to present their appeal without incorporating any evidence in the record. We must presume, therefore, that the instructions were applicable to the state of the evidence, and that there was no evidence tending to rebut such presumption. In the absence of all evidence from the record, the point thus made by the appellants is not available to them.

2. SAME: presumption: instruction.

No other error is assigned. The judgment below must therefore be *affirmed*.