STATE OF IOWA, Appellee, v. BERT KERSBERGER, Appellant.

**INTOXICATING LIQUORS: Bootlegging—Evidence.** Evidence reviewed, and held sufficient to present a jury question on the issue whether defendant was guilty of the crime of bootlegging.

**CRIMINAL LAW: Testimony of Accomplice—Instructions.** Instructions on the subject of corroboration of an accomplice are not rendered improper because of the omission of the statutory language to the effect that "corroboration is not sufficient if it merely show the commission of the offense or the circumstances thereof."

**INTOXICATING LIQUORS: Possession—Evidence.** Evidence held to show possession of intoxicating liquors on the part of the accused.

**CRIMINAL LAW: Parties to Offense—Joint Enterprise.** Record held to amply justify the court in advising the jury as to the law applicable to a joint criminal enterprise.

*Appeal from Mahaska District Court.*—D. W. HAMILTON, Judge.

FEBRUARY 13, 1923.

REHEARING DENIED MAY 18, 1923.

DEFENDANT was indicted under Section 2461-a, Supplemental Supplement, 1915, and convicted of the crime of bootlegging. From judgment rendered on the verdict, defendant appeals.—*Affirmed.*

*De Reus & Van Zante* and *McCoy & McCoy,* for appellant.

*Maxwell O'Brien,* County Attorney, and *Ben J. Gibson,* Attorney-general, for appellee.

ARTHUR, J.—I.  The State introduced evidence tending to show that defendant and one Owen McKamey drove in a Ford car belonging to one Wickhart, which car defendant had in his possession, from Oskaloosa to Eddyville, a village located about ten miles from Oskaloosa, where they procured three gallon jugs of intoxicating liquor, whisky, and returned to Oskaloosa with the liquor in the car.  On their return to Oskaloosa, two other men joined defendant and McKamey and got into the car with them, and defendant drove the party out to a tract of pasture land in the outskirts of the city.  The party of four was discovered by two officers, who approached to arrest them, out in a pasture lot about 80 feet from a road, sitting around the jugs of liquor and some 14 or 15 bottles, engaged in filling the bottles from the liquor in the jugs.  The Ford car in which the four men had driven out to the pasture was standing near.  Officer Martin testified:

1. INTOXICATING LIQUORS: bootlegging: evidence.

"It looked as though they were bottling some stuff out of the jugs."

The jugs and bottles were taken by the officers, and the contents of the jugs were found to be liquor which tested 47½ per cent alcohol by weight, and 55½ per cent by volume.  Upon the approach of the officers, all four of the men ran, abandoning the jugs and bottles and liquor.  Defendant and McKamey

were overtaken by the officers and arrested. The other two succeeded in escaping. McKamey pleaded guilty to a charge of bootlegging, and was a witness for the State in the prosecution of the defendant, and told about the defendant's going with him to Eddyville and procuring the liquor.

Appellant's main contention is that the verdict is not sustained by sufficient evidence, and is contrary to the evidence. Other assignments of error attack Instructions Nos. 14, 8, and 13.

II. Counsel for defendant insists that there is no competent evidence in the record that the defendant unlawfully and knowingly kept and carried around on his person and in a motor vehicle intoxicating liquors, with the intent to sell and dispose of the same, in violation of law, as charged in the indictment, under Section 2461-a, Supplemental Supplement, 1915, under which defendant was indicted; that there was not sufficient corroboration of the accomplice, McKamey, to warrant conviction; that the only evidence against defendant was the mere presumption arising from the fact of the alleged possession of the liquor; but that such presumption was rebutted and overcome by the evidence of the defendant and the accomplice, McKamey.

It is true that the defendant himself testified that he was not selling or keeping intoxicating liquor with intent to sell the same, and the accomplice, McKamey, also testified that the defendant had absolutely nothing to do with the liquor in question. But such testimony would not be conclusive.

Defendant was not indicted for transporting liquor, but was indicted under Section 2461-a, Supplemental Supplement, 1915, for bootlegging. Defendant was a boy 19 years of age, and was engaged with one Jake Wickhart in the ditching business, and lived 14 or 15 miles from Oskaloosa. On the day in question, the defendant came with Wickhart and his family to Oskaloosa, to attend a fair. For the purpose of showing the events of the whole transaction involved, the State showed, by the testimony of the accomplice, McKamey, that he and the defendant drove to Eddyville, defendant driving Wickhart's Ford car, and there procured three gallon jugs of whisky, and returned to Oskaloosa, and were there joined by two other men, and all four rode, defendant driving the Wickhart car, out to the pasture

where the four were discovered by the officers, sitting around three jugs of whisky and some bottles, filling bottles from the liquor contained in the jugs. The two officers who arrested McKamey and defendant described the situation in the pasture: that the four men were sitting about the three jugs of liquor and the bottles; that they were filling the bottles from the liquor in the jugs; that the Ford car in which they had driven to the place was standing near them; that the place where the men and the jugs and the bottles were located was about 80 feet out in the pasture, off the road; that, when the officers approached the group, all of the four ran, and that they overtook McKamey and defendant and arrested them; that the other two succeeded in escaping.

Defendant's version of what occurred, as testified to by him, is, in substance, that he met McKamey in Oskaloosa, and McKamey asked him if he wanted a drink, and he said he did. Thereupon, they entered the Wickhart car, and were joined by the two men who escaped, and drove out to the pasture. Defendant said nothing about the trip to Eddyville or about getting the liquor there, as testified to by McKamey; neither does he deny it. Defendant said nothing about the liquor's being in the car when they drove out to the pasture; neither does he deny that they hauled the liquor out there in the car. Defendant says that his only purpose in going out to the place where they went with McKamey was to get a drink. He denies having any interest or ownership in the liquor, and denies that he was to receive any part of it. He denies having taken any part in the bottling of the liquor. McKamey, who was a witness for the State, testified that defendant had no interest in and nothing to do with the liquor. So here we have this situation shown by the evidence: Defendant and McKamey and two other men out in the pasture with three gallon jugs of whisky, grouped about the jugs and some bottles which the four men, or some of them, were filling from the liquor in the jugs; the flight of all four of the men on the approach of the officers; and the capture of McKamey and defendant, and the successful escape of the other two.

Counsel for defendant ably argue that the evidence is not sufficient to support a finding that defendant was in the pos-

session of the liquor; that the only evidence connecting defendant with the possession of the liquor is the mere presumption arising from the fact—if it be a fact—of the situation at the pasture, and of the liquor's being found with the group of four men; and that this presumption is rebutted and entirely overcome by the positive testimony of defendant and McKamey that the defendant had nothing to do with the liquor, and particularly the testimony of defendant that his only purpose in going to the pasture was to get a drink.

The presumption that intoxicating liquor is kept for illegal sale, which arises under the statute from its unlawful possession, is rebuttable by other evidence. *State v. Wilson*, 152 Iowa 529. The court properly instructed on this point.

Counsel argue that, if the three gallons of whisky were divided among the four boys, they would have only three quarts of liquor apiece, and that this would not be an unusual quantity for them to have in their possession, under the conditions existing in this country at this time. Counsel further urge that defendant, as shown by the testimony of the officers, was intoxicated at the time, and that this fact is a strong circumstance showing that, if defendant were in possession, with the three other parties, he had the liquor for his own use, and not for the purpose of sale; and counsel also say that, as testified to by the officers, McKamey was under the influence of liquor, and that his testimony for that reason was not reliable.

No doubt defendant and McKamey had been drinking, but we think that the record does not show that they were intoxicated to a great extent. However that may be, the situation at the pasture is testified to by the officers, and does not depend upon the testimony of McKamey.

On a careful examination of the whole record, we think that the evidence was sufficient to support the verdict. The jury might have accepted the story of defendant that he went out to the pasture lot, where defendant and the other three men were found with the liquor, for the purpose of getting a drink of such liquor, and might have acquitted defendant. On the other hand, there is sufficient evidence to warrant the jury in believing, as they evidently did find, that defendant, together with the three other parties, was in possession of the liquor, and was bottling

it with the intention to sell it. The whole matter was one for the jury, and the jury passed upon the question and found against the contention of appellant. We· find no reason for disturbing the verdict, unless there is reversible error in the instructions.

III.   Appellant attacks, in an assignment of error, Instruction No. 14, given by the court. The instruction reads:

"The witness Owen McKamey is what is known in law as an accomplice. And you are instructed that a party cannot be convicted of a public offense upon the evidence of an accomplice alone, unless his evidence is corroborated by other credible evidence, or circumstances in the case tending to connect the defendant with the commission of the crime."

2. CRIMINAL LAW: testimony of accomplice: instructions.

In support of his claim that this instruction is erroneous, appellant cites Section 5489 of the Code, which reads as follows:

"A conviction cannot be had upon the testimony of an accomplice, unless corroborated by other evidence which shall tend to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely show the commission of the offense or the circumstances thereof."

It is argued by counsel for appellant that the instruction should have been given in the language of the statute, or rather, that the following language should have been incorporated into the instruction:

"The corroboration is not sufficient if it merely show the commission of the offense or the circumstances thereof."

This statute requires no construction. Its meaning is clear that corroboration will not be sufficient if it merely shows the commission of the crime or the circumstances of its commission. The corroboration must go to the question of connecting the defendant with the commission of the crime. Corroboration is not required to show the commission of an offense. That may be shown by the uncorroborated testimony of an accomplice, and the only purpose of corroboration is to connect the defendant with its commission. The instruction advised the jury that the evidence of an accomplice must be corroborated by other credible evidence or circumstances tending to connect the defendant with the commission of the crime. The requirement of

the statute as to corroboration, we think, was fully met in the instruction given.

IV. Complaint is made of the giving of Instruction No. 8, in which the court advised the jury that:

"The finding of intoxicating liquors in the possession of
3. INTOXICATING    one not legally authorized to sell or use the same,
LIQUORS: pos-     except in a private dwelling, * * * shall be pre-
session: evi-
dence.            sumptive evidence that such liquors are kept
for illegal sale."

The instruction is not assailed on the ground that it does not correctly present the rule of law, but on the ground that there is no evidence in the record upon which to base the instruction. We have hereinbefore reviewed the testimony pertaining to the possession of the liquor in question. We think the evidence sufficient to show that defendant and McKamey and the other two who made their escape were all in possession of this liquor. There was, therefore, evidence upon which to base the instruction complained of, and there was no error in giving the instruction.

V. Appellant complains that the court erred in giving Instruction No. 13. This instruction reads:

"It is claimed by the defendant that, at the time of the
4. CRIMINAL LAW:   alleged offense, there were other parties with
parties to of-    him. You are instructed that, where two or
fense: joint en-
terprise.         more parties act jointly in the commission of
the public offense, if they do so act, that they are all guilty as principals."

Complaint is not made that the instruction does not state a correct proposition of law, but it is claimed that there was no evidence in the case to support it. The complaint is without merit. Defendant and McKamey and the two men who escaped were all together around the three jugs of whisky and the bottles, engaged in the act of bottling the liquor. They were all principals in the transaction, and there was ample evidence in the record to justify the court in advising the jury as to the law applicable to such illegal joint enterprise.

We find no reason for disturbing the verdict and judgment rendered thereon. The case is—*Affirmed.*

PRESTON, C. J., EVANS and FAVILLE, JJ., concur.