STATE OF IOWA, appellee, v. GLEN A. RAMSDELL, appellant.

No. 47743.

(Reported in 45 N.W.2d 503)

JANUARY 9, 1951.

Hyland & Hyland, of Tama, for appellant.

Robert L. Larson, Attorney General, Earl R. Shostrom, Assistant Attorney General, and Walter J. Willett, County Attorney, for appellee.

THOMPSON, J.—The incidents out of which the indictment and conviction of the defendant grew occurred on the night of April 20-21, 1950, in the town of Tama, Tama County, Iowa. Defendant was twenty-five years of age at the time, and the complaining witness twenty. Defendant was charged by grand

64

jury indictment with the crime of assault with intent to commit rape, and upon trial to a jury was convicted. His motion for a new trial was overruled, and judgment and sentence were rendered upon the verdict.

Defendant does not contend that the case should not have been submitted to the jury. Consequently it is not necessary to set out the evidence in detail. Some of it will, however, be referred to in discussing defendant's assignments of error.

Summarizing, defendant's complaints of error on the part of the trial court, which have been argued and urged here, are as follows:

1. That the trial court was in error in giving instruction No. 7, and in particular that part thereof set out herewith:

"The law warrants the presumption that a person intends the natural and probable consequences and results of an act which he intentionally commits."

This, defendant thinks, is legally unsound because there were no "consequences."

2. Defendant further predicates error upon the giving of that part of instruction No. 7 set out above because the court failed to tell the jury that the presumption referred to therein was rebuttable.

3. Further error is assigned because of the alleged failure of the court to advise the jury sufficiently of the distinction between assault with intent to commit rape and assault with intent to have sexual intercourse.

4. Defendant predicates further error upon the failure of the court to define the crime of rape in its instructions.

I. What is perhaps defendant's strongest attack is centered upon the court's instruction No. 7, which is set out herewith:

"The court instructs the jury that the intent with which an act is done is an act or emotion of the mind. Direct proof of it is not required, nor can it ordinarily be shown by direct proof, but it is to be arrived at by such just and reasonable deductions or inferences from the acts and facts proved as the guarded judgment of a candid and cautious man would ordi-

narily draw therefrom. *The law warrants the presumption that a person intends the natural and probable consequences and results of an act which he intentionally commits.* Intent is a purpose formed to do or not to do some thing. The intent of a person may be inferred from his declarations, if any, made in reference thereto as well as from the acts done, the nature and character of the acts, and from the manner in which, or the circumstances under which, they were done."

The italics are supplied for the reason that the italicized portion of the instruction contains what defendant conceives to be the trial court's error at this point. In considering defendant's argument it should be kept in mind that the State's evidence clearly made a case of assault to commit rape by force for submission to the jury, and that defendant does not otherwise contend. It is here appropriate to set out some of the facts which the State's evidence showed, most of which were admitted by defendant as a witness for himself. He took indecent liberties with the person of the complainant, chased her down the street after she got out of his car, caught up with her, threw her or knocked her to the ground, beat her while she was lying on the ground, and tore off her undergarments. At one point he expressed his intention to have sexual intercourse with her. The defendant relies chiefly upon State v. Roby, 194 Iowa 1032, 1048, 188 N.W. 709, 716. This was a case in which the defendant was charged with the crime of assault with intent to commit rape upon a girl under the age of consent. It was not charged or proven that any unlawful force or violence was used. The prosecutrix, being fourteen years of age, was held to have been competent to assent to the liberties which defendant took with her person, and to have done so, so that there was no question of assault or assault and battery involved. The instruction complained of there, and which this court seems to have held was reversible error, told the jury that " 'the law warrants the presumption or inference that a person intends the results or consequences to follow an act which ordinarily do follow such act.' " It is not easy to follow the reasoning of this case, perhaps because the opinion was written by a Justice who did not believe in its soundness.

In any event we are not disposed to extend the doctrine of the Roby case further. It has been pointed out that in that case there was no violence, and in fact it seems to have been a close question whether any of the acts of the defendant were sufficient to warrant submission of the case to the jury. Here, however, we have a strong showing of several acts of violence against the complainant coupled with a verbal expression of the defendant's intention. We see no error under the circumstances of this case in telling the jury that the law warrants the presumption that a person intends the natural and probable consequences and results of an act which he intentionally does. It is a fair inference that a man who chases a young woman, who has just jumped from his automobile to escape from him, down a street at midnight, and upon catching her throws or strikes her to the ground, beats her and tears off her underclothing, has in mind the procurement of sexual intercourse by the use of such force as is necessary to accomplish his purposes. The "natural and probable consequences and results" might well have been considered by the jury to be consummated rape. It is begging the question to say that because no consequences ensued the instruction is wrong. If the "natural and probable consequences and results" had ensued the crime would have been rape instead of assault with intent to commit rape.

It is of course so well-established as to require no citation of authority that instructions must be read as a whole. Other portions of instruction No. 7 make the court's meaning abundantly clear. The question of intent is further referred to in instruction No. 6. Intent is the gist of the offense of assault with intent to commit rape, and we are clear under the circumstances of this case the court committed no error in defining it.

The effect of the Roby case, supra, is, we think, much weakened by the holding in State v. McIntyre, 203 Iowa 451, 212 N.W. 757. The Roby case was relied on by the defendant for reversal in the McIntyre case, but this court held that it was not in point. It is true that in the McIntyre case the indictment was for statutory rape while the conviction was for assault with intent to commit rape. The court said that the Roby case was to be distinguished because therein the charge was assault

with intent, and that consummation of the intent was not claimed or shown, while in the case at bar, that is, the McIntyre case, there was an indictment for rape and some evidence of consummation. The distinction seems unsound. It was the duty of the jury first to consider the offense of rape, and it must have found that such charge was not proven before it gave consideration to the charge of assault with intent, upon which it found a verdict of guilty. The charge of rape having thus been removed from the case the instruction remained and was there when the jury considered the included offense of assault with intent to commit rape and brought in its verdict of guilt upon it. The effect of State v. McIntyre, supra, must be to considerably weaken the holding in the Roby case.

Similar instructions to the one under challenge here have been upheld in many cases. See State v. Gillett, 56 Iowa 459, 9 N.W. 362; State v. Redfield, 73 Iowa 643, 35 N.W. 673; State v. Ockij, 165 Iowa 237, 145 N.W. 486; and State v. Folger, 204 Iowa 1296, 210 N.W. 580. There is likewise an interesting and thorough analysis of the question of intent as the gist or foundation of the offense in State v. Crandall, 227 Iowa 311, 316, 317, 288 N.W. 85, 88. There this court, speaking through Mr. Justice Bliss, said:

■ "It is not necessary, in fact, that there be any injury inflicted, as where one attempts to inflict the injury, but fails." See also State v. Moon, 241 Iowa 1232, 1235, 44 N.W.2d 739, 740. Such was the situation in the instant case. There was ample evidence from which the jury could find that the defendant's intent was to commit the crime of rape, although his attempt failed. An instruction, very similar to the one challenged here, was approved in State v. Sauerbry, 233 Iowa 1076, 1082, 10 N.W.2d 544, 547, where this court said: "It is true that a man must be presumed, in the absence of contrary evidence, to intend the probable and natural consequences of acts *deliberately* and *intentionally* done."

We find no prejudicial error at this point.

■■ II. Defendant further says that the challenged portion of instruction No. 7, set out last above, is error because the court neglected to tell the jury that the presumption referred to

therein was a rebuttable one. Defendant cites at this point State v. Wilson, 152 Iowa 529, 530, 132 N.W. 820. The court therein told the jury that: "The finding of intoxicating liquors in the possession of one not legally authorized to sell or use the same, except in a private dwelling house * * * shall be presumptive evidence that such liquors are kept for illegal sale."

Complaint was made that the court there failed to tell the jury that such evidence might be rebutted by other evidence. This court said: "We would be disposed to sustain this contention, if there were any evidence in the record before us tending in any degree to rebut or overcome such presumption."

It was held, however, that in the absence of such showing the point would not be considered. The statement of the court thereby became obiter dictum. It was not necessary to hold either for or against defendant's contention, and the court did not do so, merely expressing its opinion as to what its ruling might have been had the state of the record been different. We do not believe that it was necessary for the court in the case at bar to advise the jury that the presumption referred to might be rebutted. The State urges that the same situation prevailed here as in State v. Wilson, supra. But in this the State misconceives the record. There is here rebutting evidence as to defendant's intent. Defendant, at different times in his testimony, denied that his attacks upon the complainant were made with the intent of having sexual intercourse against her consent and over her strongest resistance. But this court has held, in Bachelder v. Woodside, 233 Iowa 967, 976, 977, 9 N.W.2d 464, 468, that the terms "presumptive evidence" and "prima facie evidence" are synonymous terms.

The Standard Dictionary defines a presumption as "that which may be logically assumed to be true until disproved; a position warranted by past experience or by the facts as far as known, but capable of being doubted or refuted." Also, "the act of forming a judgment on probable grounds and subject to confirmation or invalidation by further evidence." It would have done no harm for the court to tell the jury that this presumption might be rebutted, but the language used, together with the remainder of instruction No. 7, seems so clearly to indicate that the court was referring to an inference of fact

which could be refuted by proper evidence that the jury could not have been misled. Jurors are presumed to know and understand the plain and reasonable meaning of the English language.

 III. Defendant's third assignment of error is predicated upon the claimed failure of the court to make sufficiently clear to the jury the distinction between an assault with intent to commit rape and an assault with intent to procure sexual intercourse. The court told the jury that in order to constitute the offense charged the evidence must show beyond a reasonable doubt that the defendant assaulted the prosecuting witness not only with intent to gratify his passions but that he intended to do so at all events notwithstanding her refusal and any resistance she might be able to make against such assault. The jury was further told that before the defendant could be convicted of the crime charged it must be found that he assaulted the prosecutrix with the intent to ravish and carnally know her notwithstanding her resistance, no matter how strongly she might resist. The charge of assault to commit rape was properly defined and left no room for doubt. It clearly excluded a mere assault with intent to ascertain whether he could have sexual intercourse.

 IV. Defendant's final complaint is that the court should have and did not define the crime of rape. The court told the jury, in instruction No. 6, that "if any person assaults a woman with intent to ravish and carnally know her by force and against her will, he is guilty of assault with intent to commit rape." Carnal knowledge is defined as sexual intercourse. 9 C. J. 1293, 12 C. J. S. 1151. It is said in State v. Whalen, 98 Iowa 662, 665, 68 N.W. 554, 555, that: " 'Carnal knowledge' implies sexual intercourse."

The court further told the jury that before they could convict the defendant they must find that he assaulted the prosecutrix with the intent to ravish and carnally know her. The jury could not have been misled as to the meaning of the charge against the defendant, and we think the meaning of the term "rape" as used in the indictment was sufficiently clear.

We find no prejudicial error, and the verdict and judgment of the trial court is accordingly affirmed.—Affirmed.

All JUSTICES concur except MANTZ, J., not sitting.