**Vernon LEADERS, Appellee,**

v.

**Fred DREHER, Appellant.**

**No. 53553.**

Supreme Court of Iowa.

July 24, 1969.

Smith, Peterson, Beckman, Willson & Peterson, by Philip J. Willson and Robert J. Laubenthal, Council Bluffs, for appellant.

Noran L. Davis and John P. Churchman, Council Bluffs, for appellee.

RAWLINGS, Justice.

In negligence action for damages sustained when defendant's trespassing sow struck and injured plaintiff, trial to jury resulted in a verdict of $13,350 for plaintiff. Upon denial of defendant's motion for a new trial he appeals. We affirm.

Briefly stated the evidence discloses these two parties live on adjoining farms, having been neighbors since 1946.

Among other farming operations defendant raises Wessex Saddleback hogs. One of these animals, a 450 to 475 pound sow, repeatedly escaped from its fenced enclosure and went onto plaintiff's property. Plain-

tiff's witnesses testified defendant's hog had been found on plaintiff's premises each day for about four to six weeks before the incident in question. On these prior occasions plaintiff or the members of his family, often chased the pig away. Other times they would call defendant and request he remove it. But the record discloses defendant usually arrived half an hour to an hour after notification, during which time the animal continued damaging plaintiff's property.

The hog was seen by plaintiff on his premises August 20, 1965, "up by the brooder house eating feed and upsetting the water and feed stuff", also "in the brooder house scaring the chickens." He then unsuccessfully attempted to remove the unwanted invader. Failing this, he summoned his wife and children to help. The children, with assistance of the family dog, began chasing the swine toward a white gravel lane leading to a country road. In the meantime, plaintiff stationed himself on the lane between the brooder house and hog pen in order to head the sow down the road toward defendant's farm. With children and dog in pursuit the animal approached the gravel lane where plaintiff was standing. At this point the unfortunate injury occurred. The sow ran under plaintiff, catching his right leg and upsetting him. He landed on his head and shoulders, causing a herniated cervical disc at the interspace between the fourth and fifth cervical vertebrae. A spinal fusion was performed and the attending physician testified plaintiff suffered an injury connected partial permanent physical disability of 10–15 percent. He was unable to do farm work for three months after the operation.

There is evidence to the effect defendant's fence was not in good condition, a hole having been discovered in it after plaintiff's injury, through which livestock had apparently been escaping.

Errors here generally assigned by defendant are, trial court erred in overruling his timely motions for a directed verdict, judgment notwithstanding the verdict, and a new trial.

Specific divisional arguments in support of these assignments will not necessarily be considered in the order presented.

■ I. This being a law action it is not reviewable de novo, but rather on errors properly assigned and argued. Neither is it for us to weigh the evidence or pass on credibility of the witnesses. And in considering defendant's claim to the effect he was entitled to a directed verdict, all evidence is viewed in that light most favorable to plaintiff. Rule 344(f) (1), (2), Rules of Civil Procedure.

II. Defendant argues plaintiff failed to show any violation of duty as alleged in his petition.

The negligence alleged in plaintiff's petition and submitted to the jury was, defendant failed to restrain his sow from running at large.

Section 188.2, Code of Iowa (1966) requires that: "All animals shall be restrained by the owners thereof from running at large."

■ In dealing with that statute we have said, proof that animals are running at large is prima facie evidence of negligence, not negligence per se, and may be rebutted by evidence of reasonable and ordinary care under the circumstances. See Klunenberg v. Rottinghaus, 256 Iowa 731, 735, 129 N.W. 2d 68; Ritchie v. Schaefer, 254 Iowa 1107, 1113, 120 N.W.2d 444; Hansen v. Kemmish, 201 Iowa 1008, 208 N.W. 277, 45 A.L.R. 498; and Annos. 34 A.L.R.2d 1285, 1286.

■ Here uncontroverted evidence discloses defendant's unattended sow was trespassing on plaintiff's property. Under the authorities cited, supra, prima facie negligence was established by plaintiff, thereby generating a jury question on the asserted negligence issue.

III. With regard to the same subject defendant contends, trial court erred in giving instruction 5 as to the legally permissible finding attendant upon defendant's failure to effectively restrain his animal.

That instruction, in pertinent part, states: "* * * in this case the fact that the animal of the defendant was on the property of the plaintiff is sufficient to permit you to infer or assume that the defendant was negligent in failing to restrain said animal. However, this inference or assumption is not absolute or conclusive, and the defendant is entitled to show, if he is able to do so, that he exercised reasonable care and prudence in restraining said animal."

Defendant claims trial court, by use of the words infer, assume, inference and assumption, did not properly instruct the jury relative to "prima facie" evidence of negligence. It is argued the most the jury should have been told was that the facts shown created a permissible presumption of negligence, and the instruction given tells the jury, defendant was negligent per se in allowing the swine to run at large. We do not agree.

Actually the authorities cited by defendant lend little or no support to his position. He quotes the definition of "inference" in Black's Law Dictionary. The Rev. Fourth Ed., pages 917–918, states in part: "A 'presumption' and an 'inference' are not the same thing, a presumption being a deduction which the law requires a trier of facts to make, an inference being a deduction which the trier may or may not make, according to his own conclusions; * * *". But see State v. Ramsdell, 242 Iowa 62, 68, 45 N.W. 2d 503.

Black's Law Dictionary, supra, at page 917, also says "inference" denotes: "A process of reasoning by which a fact or proposition sought to be established is deduced as a logical consequence from other facts, or a state of facts, already proved or admitted." In this regard see also Naxera v. Wathan, Iowa, 159 N.W.2d 513, 522.

And 43 C.J.S., page 373, discloses "infer" is: "Derived from the Latin inferre, compounded of 'in' from, and 'ferre' to carry or bring, and defined as meaning to bring into, to bring forward; to bring a result or conclusion from something back of it, that is, from some evidence or data from which it may be logically deduced."

Additionally Webster's Third New International Dictionary, Unabridged, 1961, says "assume" means: "* * * to take as an assumption or premise in logic."

By no stretch of imagination can it be said the challenged terminology in instruction 5 is conclusive or mandatory in nature. In fact an examination of that instruction reveals the jury was told, any permissible inference or assumption was rebuttable, not conclusive.

Probably, as defendant states, the real question is, what did the words used mean to the jury?

Dealing with a requested instruction defining the terms inference and presumption, this court said in State v. Jiles, 258 Iowa 1324, 1338, 142 N.W.2d 451, 459, 460: "Admittedly words, terms or phrases may be employed in the instructions given to a jury which are so uncommon and unfamiliar to the average person as to require some explanation, clarification or definition.

"The court, in the case now before us, might well have defined the terms 'inference' and 'presumption', but in the light of all the instructions given we see no reversible error in failing to do so. *These words may, in the mind of the scholar, involve some fine legalistic distinctions, but to the average person their meaning is neither so veiled nor uncertain as to require a definition.* (Authorities cited.)" (Emphasis supplied.)

We do not find instruction 5 erroneously stated the law regarding prima facie evidence of negligence.

Use of the words infer, assume, inference or assumption were not misleading, and

possibly more readily understood by laymen jurors than the legalistic term "prima facie."

As this court said in Law v. Bryant Asphaltic Paving Co., 175 Iowa 747, 753, 157 N.W. 175, 177, 178, 7 A.L.R. 1189: "It is probably true that no instruction or charge to a jury has ever been drawn with such perfect clearness and precision that an ingenious lawyer in the seclusion and quiet of his office with a dictionary at his elbow, cannot extract therefrom some legal heresy of more or less startling character. The real test of the meaning and effect of an instruction for the purpose of review by an appellate court ought to be, and we think is, the idea which the language objected to is fairly calculated to convey to the minds of jurors drawn from the ordinary walks of life; and the fact that upon a minute technical or hypercritical analysis some other interpretation can be placed thereon may be disregarded." See also Hicks v. Goodman, 248 Iowa 1184, 1189, 85 N.W.2d 6.

We now hold the challenged words employed by trial court, in the subject instruction, were neither misleading nor so improper as to constitute reversible error.

IV. By his answer defendant alleged plaintiff's injuries were the result of an intervening independent cause, and contends trial court erred in failing to instruct the jury on that issue.

In support of this position he leans heavily, if not entirely, on Klunenberg v. Rottinghaus, 256 Iowa 731, 129 N.W.2d 68. But we find that case neither factually comparable nor the conclusion there reached here controlling.

Plaintiff and her husband, in the Klunenberg case had nothing to do with cattle owned by defendant other than to tend them, and call defendant in event of their escape. One night the cows did get out. Thereupon plaintiff and her spouse undertook to corral them. In furtherance of these efforts plaintiff entered a cemetery and there fell over a cement block retaining wall, causing her to be injured. From trial court's order sustaining defendant's motion for judgment notwithstanding the verdict for plaintiff he appealed. We affirmed upon the premise, (1) plaintiff was not engaged in an effort to save the chattels of herself or others from harm; (2) entry into the cemetery was not a reasonably foreseeable risk attendant upon any act or omission on the part of defendant; (3) plaintiff's own contributory and remote intervening acts were the cause of her injury, there being no unbroken continuity between any wrong by defendant and the ultimate consequences.

It is at once evident plaintiff, in the case at bar, stands in an entirely different position than did plaintiff in Klunenberg, supra. Here defendant was aware of the fact his hog had repeatedly escaped and trespassed on plaintiff's land. He also knew the characteristics and habits of his Wessex Saddleback sow, on escaping her enclosure, to go upon plaintiff's farm. Removal of the trespasser by plaintiff was also a reasonably foreseeable consequence.

Defendant's sow, when found by plaintiff, was on his land and engaged in damaging personal property. As to be expected he, with some ultimate assistance, endeavored to drive the offender away. In the course of these efforts plaintiff sustained injury.

At this point these statements in Webber v. E. K. Larimer Hardware Co., 234 Iowa 1381, 15 N.W.2d 286, become relevant. There we said, loc. cit., 234 Iowa 1387, loc. cit. 15 N.W.2d 289: "Even an intervening agency for which a defendant is not responsible does not necessarily relieve him from liability for his negligent act. Restatement of the Law, Torts, section 441(2). If the original wrong concurs with the intervening cause and both act proximately in producing the injury, both as a rule are proximate causes. (Authorities cited).

"Further, where a subsequent act is relied upon as an independent intervening

cause, it will not have that effect if it or a similar act might reasonably have been foreseen. (Authorities cited)."

In connection with the foregoing Restatement, Second, Torts, provides in material part:

Section 443—"The intervention of a force which is a normal consequence of a situation created by the actor's negligent conduct is not a superseding cause of harm which such conduct has been a substantial factor in bringing about."

Section 445—"If the actor's negligent conduct threatens harm to another's * * * chattels, the normal efforts of the other or a third person to avert the threatened harm are not a superseding cause of harm resulting from such efforts."

Under the law defendant in the case before us was prima facie responsible for the escape of his hog and its customary invasion of plaintiff-neighbor's premises. And, for reasons heretofore disclosed, the conduct of plaintiff, his wife and children, in a reasonable attempt to remove the damaging trespasser from their land, could not relieve defendant from liability for any act or omission on his part which may have permitted the sow to escape from her enclosure.

And as aforesaid, defendant should have realized plaintiff would attempt to remove the hog from his property, such being customary, not unusual or highly extraordinary.

Defendant's answering allegation to the effect an independent intervening act or conduct was the proximate cause of plaintiff's injury, placed on defendant the burden to so prove. Rule 344(f) (5) (6) (8), R.C.P. As a matter of law he failed to carry that burden. We accordingly find no error on the part of trial court in failing to instruct the jury relative to intervening cause.

V. Additionally defendant, in answering plaintiff's petition, alleged in part: "1.

The negligence of plaintiff was a proximate cause of his claimed injuries as follows:

"(a) In failing to exercise ordinary care for his own safety.

"(b) In failing to use proper safeguards in attempting to control the sow.

"(c). In undertaking to move said sow from plaintiff's premises."

He now claims the foregoing affirmative defense was established as a matter of law, and on that basis alone trial court should have sustained his motion for a directed verdict. It is also contended trial court failed and neglected to properly instruct the jury with regard to the issue thus presented.

There is no need to here repeat the factual situation set forth above upon which defendant must unavoidably stand.

As pointed out in Cavanaugh v. Jepson, Iowa, 167 N.W.2d 616, 620: "Section 619.17 [Code of Iowa, 1966] now provides a defendant seeking to rely upon plaintiff's negligence must assert that negligence by way of affirmative defense and prove it was a proximate cause of the damage for which plaintiff seeks to recover."

Without question the burden was on defendant to prove this affirmative defense by a preponderance of the evidence. Rule 344(f) (5) (6) (8), R.C.P. Additionally Rule 344(f) (10), R.C.P., provides: "Generally questions of negligence, contributory negligence, and proximate cause are for the jury; it is only in exceptional cases that they may be decided as matters of law."

Moreover Restatement, Second, Torts, section 472 states: "It is not contributory negligence for a plaintiff to expose himself to danger in an effort to save * * * chattels of a plaintiff * * * from harm, unless the effort itself is an unreasonable one, or the plaintiff acts unreasonably in the course of it."

With the foregoing in mind we are satisfied defendant did not establish the

above quoted affirmative defense as a matter of law and was not entitled to a directed verdict on that issue.

VI. As heretofore disclosed, defendant also urges trial court did not properly instruct the jury with regard to contributory negligence.

■ At the outset we note the general rule that all instructions must be considered together and related to each other. Bauman v. City of Waverly, Iowa, 164 N.W.2d 840, 845; Anthes v. Anthes, 258 Iowa 260, 267, 139 N.W.2d 201; Shank v. Wilhite, 256 Iowa 982, 985, 129 N.W.2d 662. When the instructions are so viewed it becomes evident defendant has no valid cause for complaint.

He argues the instructions did not properly identify the affirmative defense as "contributory negligence", thereby confusing the jury, and were not clear with regard to the requirement that plaintiff's negligence, if any, be a proximate cause of his injuries.

It would appear defendant by his answer, and trial court in the giving of instructions, studiously avoided use of the term "contributory negligence". This is understandable, but at the same time may have here been the cause of some confusion.

■ However, we said in Cavanaugh v. Jepson, Iowa, 167 N.W.2d 616, 620–621: "Historically the term 'contributory negligence' was used simply to distinguish negligence on the part of the person seeking to recover damages from that of the person against whom a claim was made. In some states the burden is upon the plaintiff to show his freedom from contributory negligence. In others it is the defendant's duty to prove negligence on the part of the plaintiff. But no matter whose burden it is and no matter what must be proven, negligence of a plaintiff sufficient to bar his recovery is properly called contributory negligence. 65A C.J.S. Negligence § 116, pages 19, 22, 23; 38 Am.Jur., Negligence, section 174, page 848.

\* \* \* \* \* \*

"Although the matter now urged by plaintiff has not been heretofore presented to us, we have several times referred to the affirmative defense under section 619.-17 as contributory negligence. Matuska v. Bryant, supra, 150 N.W.2d [716] at page 724; Bauman v. City of Waverly, Iowa, 164 N.W.2d 840, 845. We mention, too, although not as controlling, that the Uniform Jury Instruction adopted by the Iowa State Bar Association designates such a defense as contributory negligence and that section 619.17 itself bears that title.

"It was not error to call the 'new' defense by its old name. The burden of proof has shifted, and so has the quantum, but it is still the defense of contributory negligence."

But the Cavanaugh case, supra, does not require or compel use of the words "contributory negligence", and we are not convinced it was necessary in the case at bar.

Here trial court's instruction 3 told the jury: "In order for the defendant to establish his affirmative defense he must show by a preponderance or greater weight of the evidence both of the following: (1) that the plaintiff was negligent in undertaking to remove the defendant's animal from the plaintiff's property; and (2) that such negligence was a proximate cause of the injury and damage to the plaintiff's person." Incidentally, with regard to use of the term "greater weight of the evidence", see Jakeway v. Allen, 227 Iowa 1182, 1185, 290 N.W. 507.

And by instruction 7 the jury was informed: "You should next consider and decide whether or not the defendant has established the affirmative defense claimed by him. The defendant claims that the plaintiff was negligent in failing to exercise ordinary care for his own safety in undertaking to move said animal from his premises.

· "In this connection, the plaintiff in removing said animal from his premises was obliged to exercise such reasonable care and prudence as a reasonably prudent person would exercise under the same circumstances and not to expose himself to dangers which were apparent, or in the exercise of ordinary care should have been apprehended."

Also, in pertinent part, instruction 8 states: "If you find from the evidence before you that the defendant was negligent, or if you find that the plaintiff was negligent under the rules of law stated in the preceding instructions, then you should consider and decide whether such negligence was a proximate cause of the injury to the plaintiff's person and the resulting damage.

" 'Proximate cause' means a direct, efficient and producing cause. It does not necessarily mean the sole and only cause of the injury complained. The test of proximate cause is whether the negligent act complained of was so connected with the final result of the injury through an unbroken chain of circumstances as to make a natural whole."

 When the above instructions, and all others given, are read as a whole, it appears nothing would be added to their substantive expression of the law by use of the phrase "contributory negligence."

Furthermore, the aforesaid instructions clearly disclose absence of merit in defendant's claim that the jury was not properly instructed relative to plaintiff's negligence as a proximate cause of his injury.

More specifically, instructions 3 and 8, quoted above, required the jury to find plaintiff's negligence was a proximate cause of his injury, in order for defendant to succeed under his affirmative defense.

But defendant contends trial court should have given the contributory negligence instruction No. 2.2B, Uniform Jury Instructions, Iowa State Bar Association. See

Bauman v. City of Waverly, Iowa, 164 N.W.2d 840, 845.

It appears to us the instructions given served to fairly present to the jury the contributory negligence issue. It therefore follows, and we now hold the instructions submitted relative to this affirmative defense, were neither misleading nor prejudicially erroneous.

VII. Finally defendant claims the verdict is, (1) not sustained by sufficient evidence, (2) contrary to law and the instructions given.

In so doing defendant attempts to reargue matters heretofore fully considered and determined adverse to him.

The verdict is sustained by substantial evidence, and we find no abuse of discretion by trial court in overruling defendant's motion for a new trial. Judgment to be accordingly entered.

Affirmed.

All Justices concur.