Charles BUTCHER and Lance Butcher, Plaintiffs–Appellants,

v.

WHITE'S IOWA INSTITUTE, A Nonprofit Corporation, a/k/a Quakerdale Wolf Ranch, Defendant–Appellee.

No. 94–0827.

Court of Appeals of Iowa.

Oct. 31, 1995.

Ted Hogland and Barry S. Kaplan of Fairall, Fairall, Kaplan, Hoglan, Condon & Klaessy, Marshalltown, for appellants.

Michael S. Roling of Peddicord, Wharton, Thune & Spencer, P.C., Des Moines, for appellee.

Heard by HAYDEN, P.J., and HABHAB and HUITINK, JJ.

HUITINK, Judge.

Charles Butcher and Lance Butcher appeal the district court's order granting judgment notwithstanding the jury's favorable verdict in their negligence action against White's Iowa Institute. We affirm.

Lance Butcher was injured when an automobile he was driving collided with a horse on Highway 30 near Marshalltown. Lance and Charles Butcher sued White's Iowa Institute (the Institute) alleging its failure to properly restrain a horse from running at large.

The parties stipulated that the horse escaped through a break in the Institute's fence caused by a truck rolling down a slope through the fence. The parties also agreed that the Institute owned the truck and the horse involved in this case.

The evidence offered at trial indicates the fence was regularly maintained, inspected, and of sufficient strength to restrain a horse. There is also evidence that the truck was last observed at 11 p.m. two days before accident, parked on a slope, unlocked, in gear, and with the parking brake engaged. After the accident, it was discovered that the truck rolled down the slope and broke a portion of the fence through which the horse escaped. When the truck was inspected following the accident, it was out of gear and the parking break was released.

The Institute's motion for a directed verdict at the close of Butchers' case was denied. The court deferred ruling on the Institute's renewed motion for directed verdict at the close of all of the evidence.

The jury returned a verdict in favor of the Butchers awarding them damages. The district court granted the Institute's motion for judgment notwithstanding the verdict, citing the absence of *any* evidence that the fences were not in good repair except for the break caused by the truck. The district court also cited the absence of any evidence the truck was tampered with by anyone for whom the Institute could be held vicariously liable.

On appeal, Butchers argue there was sufficient evidence of negligence to create a jury question and that it was error for the district court to conclude otherwise.

■ Our review is limited to errors of law. Iowa R.App.P. 4. A motion for judgment notwithstanding the verdict must stand on grounds raised in the motion for a directed verdict. *Watson v. Lewis*, 272 N.W.2d 459, 463 (Iowa 1978). If there is substantial evidence in support of each element of plaintiffs' claim, a motion for directed verdict or for judgment notwithstanding the verdict should be denied. *Valadez v. City of Des Moines*, 324 N.W.2d 475, 477–78 (Iowa 1982). When considering a motion for judgment notwithstanding the verdict, we view the evidence in the light most favorable to the party against whom the motion is directed. *Konicek v. Loomis Bros.*, 457 N.W.2d 614, 617 (Iowa 1990). "Generally questions of negligence, contributory negligence, and proximate cause are for the jury; it is only in exceptional cases that they may be decided as a matter of law." Iowa R.App.P. 14(f)(10).

■ Proof that an animal is roaming at large is prima facie evidence of negligence, not negligence per se, and this evidence may be rebutted by evidence of reasonable care under the circumstances. *Leaders v. Dreher*, 169 N.W.2d 570, 573 (Iowa 1969). Generally, prima facie evidence is sufficient to generate a jury question. *Id.*

Butchers were afforded the benefit of this presumption when the district court denied the Institute's motion for a directed verdict at the close of plaintiffs' case in chief. Butchers argue this determination precluded the district court from later finding as a matter of law that their claim was not supported by enough evidence to generate a jury question. We disagree.

■ Butchers' argument overstates the value of a rebuttable presumption of negligence. A rebuttable presumption may be overcome as a matter of law. *Schaefer v. Anchor Mut. Fire Ins. Co.*, 133 Iowa 205, 209, 100 N.W. 857, 858 (1904). The supreme court has stated, "We may assume the record in a given case may be such the statutory presumption is conclusively as a matter of law rebutted." *Casey v. Hansen*, 238 Iowa 62, 69, 26 N.W.2d 50, 55 (1947). The district court was therefore not required by the sole weight of this presumption to submit the issue of negligence to the jury in this case. We therefore turn to the record to determine whether this presumption was sufficiently rebutted.

■ We, like the district court, are unable to find any evidence indicating the Institute breached its statutory duty to restrain its horse from running at large. The only evidence regarding the fence indicates it was adequate to confine the horse and was regularly maintained. The only reasonable inference to be drawn from this evidence is that

the horse escaped through a break in the fence caused by the runaway truck.

We are also unable to find any evidence implicating any agent, employee, or resident of the Institute as the person who may have caused the vehicle to roll down the hill. The undisputed evidence indicates the truck was parked on a slope with the parking brake engaged and the transmission in gear at 11 p.m. two days before the accident. The fact the Institute was a home for "troubled youths" does not support an inference that one of the Institute's residents tampered with the truck. Moreover, there is no permissible inference of negligence or proximate cause from the fact that the truck was left unlocked. *See Smith v. Shaffer*, 395 N.W.2d 853 (Iowa 1986) (keys left in ignition are not proximate cause of injuries resulting from a thief's negligent operation of stolen automobile).

This case presents a classic application of the Uhlenhopp rule. The district court correctly submitted this case to eliminate the need for a costly retrial in the event we should reverse its judgment notwithstanding the verdict.

In summary, we are unable to find substantial evidence supporting Butchers' theories of negligence. We conclude this is an exceptional negligence case correctly decided as a matter of law. The district court is affirmed.

**AFFIRMED.**