**STATE of Iowa, Appellee,**

v.

**Ronald Dean PILCHER, Appellant.**

No. 52702.

Supreme Court of Iowa.

May 7, 1968.

Life, Davis & Life, Oskaloosa, for appellant.

Richard C. Turner, Atty. Gen., William A. Claerhout, Asst. Atty. Gen., and Ray Fenton, County Atty., Des Moines, for appellee.

LeGRAND, Justice.

Fortunately we need not recite at length the shocking details of this crime. It occurred on the morning of December 16, 1966. Complaining witness was then working at the Hideout Lounge, a tavern owned by her sister. Defendant, having finished work on the night shift at the John Deere Works, stopped at the tavern, had several bottles of beer and robbed the complaining witness of the tavern proceeds at gunpoint. He then compelled her to accompany him to a secluded spot in or near Des Moines where by force, and against her will, he had sexual intercourse with her. There is dispute about some of the above facts but we state them in the manner most favorable to the State for the purpose of this appeal.

We refer to other specific factual circumstances later as our discussion of the assigned errors requires.

Defendant was charged with, tried for, and convicted of violating section 698.1, Code, 1966, which provides in part, "If any person ravish and carnally know any female by force or against her will * * he shall be imprisoned in the penitentiary for life, or any term of years, not less than five * * *"

Defendant appeals from the judgment on his conviction sentencing him to 50 years in the penitentiary at Fort Madison, Iowa. He assigns five errors for our review. They are: (1) Failure of the trial court to submit the included offenses of assault with intent to commit rape, assault and battery and assault; (2) failure of the State to corroborate the testimony of complaining witness; (3) refusal of the trial court to permit impeachment of Officer Lewis' testimony; (4) failure of the trial court to instruct on specific intent and error in instructing on defendant's use of liquor and drugs; and (5) error in admitting the hearsay testimony of Dr. Schwartz.

I. Defendant asserts he was entitled to have the jury consider as included offenses assault with intent to commit rape, assault and battery, and assault. The court submitted only rape. Defendant raised this question by requesting an instruction thereon, by objecting to the instructions as given, and by motion for new trial.

We agree with defendant and hold he is entitled to a new trial for the trial court's failure to submit to the jury the three lesser offenses mentioned above as well as the principal crime charged in the indictment.

The general rule requires submission of all offenses which are necessarily included in the indictment and upon which there is sufficient evidence to justify a finding of guilt.

Authority for our conclusion here may well start with State v. Hoaglin, 207 Iowa 744, 223 N.W. 548, although many decisions antedating that case hold to the same effect. In the Hoaglin case we analyzed, distinguished and, where necessary, reconciled our previous opinions to reach what we there announced as the rule for submission of included offenses in a prosecution for rape. In Hoaglin we quoted with approval from State v. Brooks, 181 Iowa 874, 881, 165 N.W. 194, 197, as follows, " * * * We think the right rule is: Since a verdict may not be directed *against* the defendant, and therefore an exclusion of an included offense is in a sense a direction *for* him, it is proper to rule that defendant shall not be put on trial for an included offense *if it would be proper to direct a verdict of acquittal, were he charged with that offense alone.*" (Emphasis added.)

In other words if here the only charge against defendant were assault with intent to commit rape, would he have been entitled to a directed verdict? The answer is obvious. This question meets the same negative answer when related to assault and battery and simple assault.

As we said in Hoaglin at page 751, of 207 Iowa Reports, page 551, of 223

N.W., "If an information were filed against a defendant, charging him solely with assault and battery, which includes simple assault, and both of which offenses are included in the crime of rape, would the court under the evidence, be justified in directing a verdict for him? If yea, then said offenses included in the charge of rape need not be submitted to the jury. If nay, then the court is in error in failing to submit said offenses. If the court, under the evidence, would be justified in directing a verdict ·for either one of said offenses, then said offense need not be submitted."

 We held directly in Hoaglin that even statutory rape—which may be committed without force and with consent—includes assault with intent to commit rape, assault and battery, and simple assault. If this is true with reference to statutory rape, it is, of course, even more true when the rape must be committed by force and without consent. In Hoaglin at page 754, 223 N.W. at page 552 we said, "When an indictment or county attorney's information charges a defendant with the crime of rape (statutory or otherwise), it also charges him with the included offenses, to wit: Assault with intent to commit rape, assault and battery, and simple assault. *As to whether or not the court should submit any one or more of these included offenses depends wholly upon the evidence."* (Emphasis added.)

 In the instant case the evidence is strong that defendant's acts, whatever they were, were accomplished by force. There is testimony that defendant threatened the prosecuting witness with a gun; that he struck her; that he threw her to the ground; that he pulled her hair; that he choked her; and that he twisted her arm. There is evidence that she was bruised and scratched. If the jury found sexual intercourse had taken place, it could well find from this evidence the other elements of rape were proven. It could also find, however, that although force

had been used intending to commit rape, sexual intercourse had not taken place, in which event it could have found defendant guilty of assault with intent to commit rape. Or, if it found intercourse had not taken place and the force used had been without the intent to commit rape, it could have found defendant guilty of assault and battery. It could also have found an assault occurred, but no force had been used, no sexual intercourse had taken place and no intent to commit rape had been established.

The jury's determination depended entirely upon when, if at all, it ceased to believe the State's evidence. The error is that the trial court took this right from the jury and required the State's version to be believed or disbelieved in its entirety. We agree the record abounds with evidence of a completed rape but this is. true only if complete credibility is accorded the State's witnesses.

The State argues defendant was guilty of rape or not guilty of any offense. The evidence, according to the State, overwhelmingly establishes this fact. Even if we concede it is highly unlikely the jury would have found any verdict except the one it did, defendant nevertheless was entitled to have the jury consider his guilt of a lesser crime.

 This is true even if the State's evidence shows nothing except a completed rape. We considered this matter in State v. Kramer, 252 Iowa 916, 920, 109 N.W.2d 18, 20, where incidentally the defendant was objecting because included offenses *had* been submitted. After his conviction of an included offense, he claimed the evidence either showed he was guilty of rape or he was not guilty of any crime. He predicated error on the submission of included offenses, and we disposed of his argument this way " * * * The defendant says if there was anything to submit it should have been rape only, without included offenses. His argument here is that the State's evidence showed, if it showed

anything, a completed rape. At this point he cites authorities to the effect that when the evidence shows the defendant to be guilty either of the highest offense or none at all, included offenses need not be submitted; and he asserts it was error for the trial court to submit the included offense of which he was found guilty. *It is necessary only to point out that the jury was the sole trier of the facts; it might believe all of the State's case, or none of it, or only part of it.* If it chose not to believe the prosecuting witness and the police officer on the question of penetration, it had the right to do so. Equally, it had the right to believe the prosecutrix and Mrs. Redenbaugh as to the assault; and so believing, to bring in the verdict which it did. The proposition is self-evident and needs no further elaboration." (Emphasis added.) Further support for this view may be found in State v. Blair, 209 Iowa 229, 233, 223 N.W. 554, 557. Here, too, it was the defendant who complained because of his conviction of assault with intent to commit rape, claiming that the evidence showed either a rape or no offense at all. We upheld that conviction and stated, "If a consummated rape was perpetrated, there was necessarily an assault with intent to commit rape. The jury might find that the completed offense of rape was not consummated, and still find sufficient evidence of the assault.

" * * * The jury might well have found the defendant guilty of that crime [rape]. Nevertheless it remains true that there is sufficient evidence of the commission of the crime of assault with intent * * *."

We discussed this also in State v. Hoel, 238 Iowa 130, 132, 25 N.W.2d 853, 854, where we pointed out, "Any apparent inconsistencies in some of our earlier decisions as to instructing upon included offenses, have been removed by our more recent holdings that a charge of statutory rape includes assault with intent to commit rape, assault and battery and simple

assault, and that whether the court should permit any one or more of these included offenses depends wholly upon the evidence, *although only rarely is the submission of assault with intent to commit rape not required.* The test is whether the evidence would be sufficient to take the case to the jury if the included offense in question was the sole charge against the defendant." (Emphasis added.)

Among the other cases to the same effect is State v. Vochoski, 170 Iowa 246, 252, 150 N.W. 53, 55. There we held, "The verdict was for assault with intent to commit rape. It is urged first that there is no basis in the evidence for this verdict, and that, under the evidence of the prosecutrix, the defendants were guilty of rape, or were not guilty at all. As the evidence was sufficient to prove rape, *it was necessarily sufficient to prove the assault and the intent to commit.* That the jury may have had a reasonable doubt as to whether the rape was actually accomplished under the circumstances shown, and yet have had no reasonable doubt that there was an intent and attempt to accomplish it, involves no necessary inconsistency." (Emphasis added.) There is also interesting comment bearing on this question in State v. McCall, 245 Iowa 991, 63 N.W. 2d 874.

From what we have said it is apparent a charge of forcible rape necessarily includes the offense of assault with intent to commit rape, assault and battery and assault. The evidence in the case now before us required that all three be submitted to the jury. Failure to do so was error entitling defendant to a new trial.

II. Although what we have said in Division I requires a new trial, we should discuss several other matters which are certain to arise again at that time. The most important of these is defendant's claim that he was entitled to a directed verdict because the testimony of complaining witness stands without corroboration. Section

782.4, Code, 1966, provides in part, "The defendant in a prosecution for rape, or assault with intent to commit rape, * * * cannot be convicted upon the testimony of the person injured, unless she be corroborated by other evidence tending to connect the defendant with the commission of the offense."

■ While one may not be convicted of rape upon the testimony of the victim alone, the statute requires only that the corroborating evidence be such as tends to connect the defendant with the crime. As we recognized in State v. Ladehoff, 255 Iowa 659, 122 N.W.2d 829, such evidence is necessarily hard to come by; seldom is this offense committed under circumstances affording direct corroboration. Defendant argues the State showed no more than mere opportunity for defendant to have committed the crime and the presence of dirt and grime on complaining witness' body in a manner to suggest the crime had been committed by someone. If this were all we would be compelled to agree there would be no corroboration. But the evidence is stronger than defendant admits.

■ The general rule is well stated in State v. Lahmon, 231 Iowa 448, 449, 1 N.W.2d 629, 630, "The 'other evidence' need not certainly connect the defendant, nor conclusively point him out as the assailant. It need only 'tend' to connect him with the commission of the offense, to the end that the jury may say that they have no reasonable doubt of his guilt."

■ We have considered the sufficiency of corroboration in countless cases. However, as we noted in State v. Ladehoff, supra, facts differ so greatly that previous decisions are of small value as precedents. Under the record in the instant case we hold there was sufficient corroboration to make a jury question. The prosecuting witness testified that defendant was in the tavern; that he had a gun; that he robbed her at gunpoint and put the money in a money bag kept at the tavern; that he took her out to a secluded spot and there committed the crime with which he is charged. Subsequently defendant was arrested near the spot where the complaining witness stated the offense occurred. His car was found near there. When arrested he had the gun the prosecuting witness stated he had used in the holdup. He had the money bag taken from the tavern. His clothing matched her description of it. The entire combination of circumstances is such corroboration as to justify submission to the jury. State v. Ladehoff, supra; State v. Taylor, 196 Iowa 1015, 1019, 192 N.W. 294, 295; State v. McElhaney, Iowa, 153 N.W.2d 715, 717.

We also add that defendant's own testimony is at least partially corroborative. He claims total loss of memory from the time he was in the Hideout Lounge until he was picked up walking near the railroad tracks where the assault is alleged to have occurred. However, he admits he was in the tavern, he admits prosecuting witness was there, he admits the gun was his, he admits that he was walking along the railroad tracks within a short time after the events under investigation. All of this furnishes support for complaining witness' story.

We find far more here than the "mere opportunity" which defendant argues. We hold the question was submitted under proper instruction and the trial court was right in refusing to give instructions requested by defendant relative to corroboration.

■ III. We find no merit in defendant's claim of error in the trial court's refusal to permit the impeachment of Officer Lewis by the witness Spry. Defendant attempted to show the officer had made certain prior statements inconsistent with his testimony. Even assuming the testimony offered was proper impeaching testimony, the ruling of the trial court was right. No foundation was laid for

such testimony by calling the alleged statements to Officer Lewis' attention so that he could affirm, deny, or explain them. 98 C.J.S. Witnesses § 604, page 594; Law v. Hemmingsen, 249 Iowa 820, 834, 89 N.W.2d 386, 396; Mead v. Scott, 256 Iowa 1285, 1294, 130 N.W.2d 641, 646.

■ IV. Defendant finds Instruction 11 given by the trial court objectionable. This instruction explained what effect the use of liquor or drugs might have on his responsibility for criminal acts committed while under the influence of either. Defendant insists the instruction overemphasized the importance of the use of liquor and underemphasized that of drugs in the jury's deliberations. We find the instruction fairly presented the issue and defendant's objection is without merit.

■ Similarly we find no error in trial court's refusal to give a requested instruction which would have required the jury to find defendant had the specific intent of gratifying his passions at the time the offense was committed. Defendant argues he could not be found guilty in the absence of such proof. Specific intent is not an element of the crime of rape. Defendant cites as authority for this proposition the early Iowa case of State v. Hagerman, 47 Iowa 151. This was a prosecution for assault with intent to commit rape. There is nothing in the opinion lending support to defendant's claim. It is, of course, true that there must be specific intent to commit rape when a defendant is charged with assault for that very purpose. But such intent is not essential to prove a completed rape. In such case the only intent required is a general criminal intent which is supplied by the unauthorized act of sexual intercourse with a female by force or against her will. 75 C.J.S. Rape § 9, page 471; 44 Am.Jur., Rape, section 2, page 902.

V. Defendant attacks the testimony of Dr. Schwartz as improper and prejudicial. This evidence was admissible, if at all, as part of the history given by the prosecuting witness to enable the doctor to diagnose her condition and treat it.

Dr. Schwartz was the attending physician. He was called soon after the alleged rape to examine and treat the prosecuting witness. He testified to cuts, scratches, abrasions and other bodily conditions which he observed. He also stated she was suffering from hysteria and was disoriented. She was, in his words, "a sobbing and hysterical woman." He further stated he took a history from the prosecuting witness and that such history was necessary to his diagnosis and treatment. Its purpose was to help "evaluate her complaint and provide necessary therapy later on." The history taken included details of the assault upon her, the use of force, including the gun, and many of the circumstances under which she was defiled by defendant. Many of these circumstances tended to explain the prosecuting witness' hysteria. Obviously the attending physician would be anxious to discover the cause for such a condition before attempting to determine the treatment indicated.

■ A mere statement by a physician that a certain history is necessary to his diagnosis and treatment does not make it so. The history must bear some substantial relation to the patient's condition and the treatment to be rendered. Here the trial court found such relationship existed and we agree.

■ Perhaps it would have been well to give an instruction explaining to the jury that this medical testimony was not for the purpose of proving the truth of the assertions made by the prosecuting witness but merely to show the basis for his opinion and to offer corroboration of her physical and mental condition immediately after the alleged attack. However, failure to give such instruction in the absence of a request therefor is not reversible error.

Support for our holding in this division may be found in 29 Am.Jur.2d, Evidence, section 683, page 736; 2 Jones on Evidence, Fifth Ed., section 421, page 794; State v. Blydenburg, 135 Iowa 264, 273, 112 N.W. 634; Devore v. Schaffer, 245 Iowa 1017, 1021, 65 N.W.2d 553, 51 A.L.R. 2d 1041; State v. Miller, 254 Iowa 545, 550, 117 N.W.2d 447, 451.

For the reasons stated in Division I we reverse and remand to the district court for a new trial.

Reversed and remanded.

LARSON, BECKER and STUART, JJ., concur.

SNELL, J., and GARFIELD, C. J., concur in Divisions II through V but dissent from Division I and a reversal.

MASON, MOORE and RAWLINGS, JJ., concur specially.

SNELL, Justice (dissenting).

I respectfully dissent.

When a sound theory based on what was logical when stated leads to a result that is unrealistic and factually without support it should be reexamined.

I agree with what is said by the majority except for the conclusion in Division I that the case should be reversed. The majority notes that the details of the crime are shocking. Indeed they are loathesome and it appears without dispute the unfortunate victim was cruelly and sadistically abused. No one questions the sufficiency of the evidence to convict. The State's evidence is overwhelming. There is not a word of testimony or a scintilla of evidence contrary to that offered by the state. No one denied a single element necessary to establish the offense charged except by defendant's formal plea of not guilty.

Defendant, testifying in his own behalf, claimed he could not remember. If that was a defense to the offense charged it was equally so to any included offenses and defendant should have been found not guilty. Defendant's claimed loss of memory did not relieve the state from its burden of proving defendant's guilt. Nor did it relieve the jury from its duty to find defendant guilty of the offense charged if it was convinced beyond a reasonable doubt of his guilt. The jury did so find. I do not think we should hold the jurors might have been derelict in their duty and unresponsive to their oaths of office if included offenses had been submitted for their consideration. Neither the rights of the defendant nor the demands of justice require any such speculation on our part.

That the essential elements incident to assault with intent to commit rape, assault and battery and assault are present in rape by force is not debatable. This should not mean that in a case such as ours the jury should be turned loose in a field of multiple choice speculation.

I agree that in most cases the included offenses should be submitted. Our own cases and a majority of jurisdictions so hold. However, there should be and are exceptions to the general rule and I think this is one of them.

In State v. Hoaglin, 207 Iowa 744, 223 N.W. 548, cited by the majority, defendant was charged with "statutory" rape. He was convicted of assault with intent to commit rape and the opinion necessarily discusses what was included in the offense for which he was convicted. On page 748 of 207 Iowa, page 550 of 223 N.W., this appears:

"Therefore, the charge of 'rape' * * * must necessarily include assault with intent to commit rape." I agree but the real substance of the holding appears on

page 754, page 552 of 223 N.W. in these words:

"Much of the confusion in our previous cases has arisen from a failure to distinguish between the abstract question of what is an included offense in the charge of rape and the question of when included offenses should, under the evidence in the case, be submitted. When an indictment or county attorney's information charges a defendant with the crime of rape (statutory or otherwise), it also charges him with the included offenses, to wit: Assault with intent to commit rape, assault and battery, and simple assault. As to whether or not the court should submit any one or more of these included offenses depends wholly upon the evidence."

In State v. Blair, 209 Iowa 229, 223 N.W. 554 defendant was charged with rape and convicted of assault with intent to commit rape. He complained because the included offense was submitted. The nub of the holding appears in these words:

"Nevertheless, it remains true that there is sufficient evidence of the commission of the crime of assault with intent, and the case is within the rule that defendant may not complain of conviction of a crime of a lesser degree than that which the evidence requires or warrants." (loc. cit. 233, 223 N.W. loc. cit. 557.)

I would also emphasize these words in State v. Hoel, 238 Iowa 130, 132, 25 N.W. 2d 853, 854, cited and quoted by the majority: "whether the court should submit any one or more of these included offenses depends wholly upon the evidence * * *." The opinion should also be considered in the light of these words therein: "A failure to instruct as to an included offense is not error where, as here, all the evidence shows the defendant guilty of the higher offense or not guilty of either offense."

In State v. Kramer, 252 Iowa 916, 920, 109 N.W.2d 18, 20, it is said, as emphasized by the majority, that the jury "might believe all of the state's case, or none of it, or only part of it." That statement was particularly applicable to that case but it is not necessarily applicable here. In that case there were eye witnesses to the assault and struggle between defendant and prosecuting witness. Defendant complained because included offenses were submitted. His complaint was without merit. There was ample evidence to convict of assault with intent to commit rape without reliance upon the testimony of prosecutrix. The jury could find as it did and give little or no credence to her version. This finds support in these words from the opening paragraph: "The trouble with some cases is the people who figure in them. * * * On the record it must be said that neither party came out of the encounter with any added reputation for virtue or seemly behavior, or with any increased odor of roses observable." (loc. cit. page 917 of 252 Iowa, page 18 of 109 N.W.2d.)

We have no comparable situation here. I think this is the rare case referred to in State v. Hoel, supra, where under the evidence submission of included offenses was not required.

The problem of what included offenses must be submitted to the jury is not peculiar to our state. This able analysis of the problem appears in People v. Mussenden, 308 N.Y. 558, 127 N.E.2d 551:

"It has been repeatedly written that if, upon any view of the facts, a defendant could properly be found guilty of a lesser degree or an included crime, the trial judge must submit such lower offense. (Citations) * * * Consequently, although originally 'intended merely to prevent the prosecution from failing where some element of the crime charged was not made out', (Citations) the doctrine * * * redounds to the benefit of defendants as well, since its effect actually is to empower the jury 'to extend mercy to an accused by finding a lesser degree of crime than is established by the evidence.' * * *

"That does not mean, however, that trial courts must instruct on lesser degrees or included crimes and submit them in every case, for it is recognized that this mercy-dispensing power is a thing apart from the true duty imposed upon a jury; that it is, rather, an inevitable consequence of the jury system. (Citations) As to the jury's proper function or duty, that consists solely of applying the legal definitions of crime, as laid down by the trial court, to the evidence and of convicting of the crime charged, if that is established beyond a reasonable doubt. (Citations)

"It follows, from what has been said, that, while the jury has the power to refuse to find any fact regardless of how clearly it may appear to a judge to have been proved, the jury does not, so to speak, have the right to find a fact and then refuse to render the verdict which such a finding necessarily requires. As is manifest, merciful, or weak jurors may disregard even overwhelming proof of culpability and acquit entirely or convict of a lower crime than the evidence reflects. But that, it has been correctly observed, is 'their responsibility, and not the court's.' (Citation) There is probably no way to prevent or guard against this, but certainly a court should avoid doing anything, such as submitting lower crimes in an inappropriate case, that would constitute an invitation to the jury to foreswear its duty and return a compromise or otherwise unwarranted verdict. Or, to express the matter in somewhat different terms, the jury's power to dispense mercy, by favoring the defendant despite the evidence, should not be allowed so to dominate the trial proceedings as to impede or interfere with the jury's primary fact-finding function.

"The principle has, accordingly, evolved that the submission of a lesser degree or an included crime is justified only where there is some basis in the evidence for finding the accused innocent of the higher crime, and yet guilty of the lower one.

* * * The submission in such a case performs a function useful to the defendant and intelligible to the jury. The trial court may not however, permit the jury to choose between the crime charged and some lesser offense where the evidence essential to support a verdict of guilt of the latter necessarily proves guilt of the greater crime as well. With the record in that state, there is no basis in the evidence for differentiating between the several offenses and no warrant for submitting any but that charged in the indictment."

State of Arizona v. Musgrove, 2 Ariz. App. 505, 410 P.2d 127 (1966) followed Mussenden and says:

"The submission of a lower offense is justified only when the evidence on some basis would support a finding that the defendant is innocent of the higher offense and guilty of the lower. People v. Brady, 16 N.Y.2d 186, 264 N.Y.S.2d 361, 211 N.E. 2d 815, 816 (1965); People v. Mussenden, 308 N.Y. 558, 127 N.E.2d 551, 554 (1955). As stated in Mussenden, supra:

' * * * but certainly a court should avoid doing anything, such as submitting lower crimes in an inappropriate case, that would constitute an invitation to the jury to foreswear its duty and return a compromise or otherwise unwarranted verdict.' "

Some jurisdictions hold that submission of included offenses is not required unless requested by defendant. See State v. Taylor, 36 Ill.2d 483, 224 N.E.2d 266.

A somewhat different approach to the problem appears in the dissenting opinion of Mr. Justice Fortas in Cichos v. State of Indiana, 385 U.S. 76, 87 S.Ct. 271, 17 L.Ed.2d 175. Petitioner had been charged with reckless homicide and involuntary manslaughter and convicted of the lesser offense. A new trial was granted and he was retried on the original charges and again convicted of the lesser offense. The question before the court was the claim

of double jeopardy. The real issue was not met and the writ of certiorari was dismissed. In dissenting and commenting on the submission of separate offenses Justice Fortas said it "gave the prosecution the advantage of offering the jury a choice—a situation which is apt to induce a doubtful jury to find the defendant guilty of the less serious offense rather than to continue the debate as to his innocence."

Many articles have been written on the subject. A note and comprehensive analysis entitled "Submission of Lesser Crimes" appears in 56 Columbia Law Review 888. Various procedures are discussed. Beginning on page 900 this appears:

"4. Submission left to the court's discretion. This practice, perhaps the soundest, means that regardless of the existence or nature of requests or objections of prosecution or defense, the appellate court will reverse only for error in instructing or failing to instruct on a lesser offense amounting to an abuse of discretion. It recognizes the obvious fact that the trial judge, witnessing the live proceedings, may have better grounds for judgment than a cold record affords an appellate court. It also avoids to a considerable extent the great difficulty in instructing juries occasioned by inflexible appellate rules." And the note concludes:

"While any criterion for sufficiency of the evidence must rest on the particular jurisdiction's view of the relative functions of judge and jury, it is submitted that the trial judge should possess broad discretion in his handling of lesser offenses, subject to reversal for prejudicial abuse. Such an approach would retain the advantage of the included crimes concept while discarding the procedural difficulties which have arisen to impede its operation."

I am willing to agree that in most cases included offenses should be submitted but to require it in all cases is to carry a good rule to an unrealistic conclusion.

Some discretion should be left to the trial court. Where as here there is no actual conflict in the evidence I do no think our appellate review requires reversal.

I would affirm.

MASON, Justice (concurring specially).

I concur in the decision of the majority to reverse and remand the case for new trial but do not agree with the conclusion expressed in Division V.

Admittedly part of the history given by prosecutrix to enable the doctor to diagnose her condition and treat it is admissible. However, I do not believe it would be proper in the retrial of this case to permit repetition by Dr. Schwartz of all details narrated to him by the prosecutrix of events and conditions preceding perpetration of the crime. Repeating these statements of the prosecutrix as to events prior to the commission of the alleged offense being hearsay, does not in my opinion come within the exception urged.

MOORE and RAWLINGS, JJ., join in this special concurrence.