STATE of Iowa, Appellee,

v.

Harold M. JOHNSON, Appellant.

No. 63103.

Supreme Court of Iowa.

April 23, 1980.

Terry W. Guinan of Guinan & Cornell, Fort Dodge, for appellant.

Thomas J. Miller, Atty. Gen., Kathy A. Krewer, Asst. Atty. Gen., Monty L. Fisher, Webster County Atty., and Fredrick E. Breen, Asst. Webster County Atty., for appellee.

ALLBEE, Justice.

Defendant Harold M. Johnson, accused by trial information of sexual abuse in the third degree, and found guilty by a jury of assault while participating in a felony, appeals from his conviction. His appeal presents two issues. The first and crucial issue is whether assault while participating in a felony, a violation of section 708.3, Supplement to the Code 1977, is legally a lesser included offense of the crime of sexual abuse in the third degree, as defined by section 709.4, Supplement to the Code 1977. The second issue is whether the evidence in this case provided a factual basis for submitting to the jury that lesser offense.

The prosecuting witness, Roberta Walker, and her friend Bonnie spent the latter part of the evening of September 25, 1978, at a tavern in Fort Dodge. While at the tavern, Walker had some drinks and played pool with a man subsequently identified as defendant. Late in the evening Bonnie left to go home. She lived in an upstairs apartment of a building adjoining the tavern. At some point following Bonnie's departure, Walker left the tavern to retrieve her billfold from Bonnie's apartment and then returned to the tavern. Near closing time Walker said something to defendant about making sure she made it back to her friend's apartment. According to Walker, she left the tavern, walked the short distance to the building in which her friend resided and entered through an outside door

into a vestibule at the bottom of the stairway leading to Bonnie's apartment. Thereupon, defendant, who apparently had accompanied Walker, closed the door, pushed Walker down on the steps, held her there, unzipped his pants, pulled out his penis and attempted to place it in Walker's mouth. Her screams were heard and defendant was apprehended by police while still with Walker.

Defendant's version of the events is vastly different. He testified that Walker offered to drive him to Sambo's for breakfast. He denied that he ever assaulted her or attempted to force her to have oral sex.

I. *Is assault while participating in a felony a legally included offense of sexual abuse in the third degree?* The method of determining if one criminal offense is included in another embodies a two-test process: *legal* and *factual*. The first test involves a consideration of the *legal* elements of the greater and lesser offenses. This test has been articulated as follows: "The lesser offense must be composed solely of some but not all elements of the greater crime. The lesser crime must not require any additional element which is not needed to constitute the greater crime." *State v. Stewart*, 223 N.W.2d 250, 252 (Iowa 1974), *cert. denied*, 423 U.S. 902, 96 S.Ct. 205, 46 L.Ed.2d 134 (1975). The second test requires an ad hoc *factual* determination that there is an evidentiary basis for submitting the lesser included offense to the jury. *State v. Holmes*, 276 N.W.2d 823, 825 (Iowa 1979); *State v. Furnald*, 263 N.W.2d 751, 752–53 (Iowa 1978). This two-test process remains operative under the revised Iowa Criminal Code. *State v. Sanders*, 280 N.W.2d 375, 377 (Iowa 1979).

We now turn our attention to the statutory crimes in issue and the legal elements of each. Section 709.4, sexual abuse in the third degree, in part relevant here, provides:

Any sex act between persons who are not at the time cohabiting as husband and wife is sexual abuse in the third degree by either of the participants when

the act is performed with the other participant in any of the following circumstances:

1. Such act is done by force or against the will of the other.

From this interdiction we discern three elements that pertain to this case: (1) the persons involved are not at the time cohabiting as husband and wife; (2) there is a completed sex act; (3) the sex act is accomplished by force or against the will of one of the persons involved. The term "sex act," as defined by section 702.17, Supplement to the Code 1977, would in this case have been completed on the contact of defendant's penis with Walker's mouth.[1]

The provision upon which this controversy focuses is section 708.3, which defines assault while participating in a felony as follows:

Any person who commits an assault as defined in section 708.1 while participating in a felony is guilty of a class "C" felony if the person thereby causes serious injury to any person; if no serious injury results, the person is guilty of a class "D" felony.

The elements of this offense relevant here are (1) the commission of an assault (2) while participating in a felony. These elements are further defined in other sections of the Iowa Criminal Code. Section 708.1, Supplement to the Code 1977, insofar as material here, defines "assault" in these terms:

A person commits an assault when, without justification, the person does any of the following:

1. Any act which is intended to cause pain or injury to, or which is intended to result in physical contact which will be insulting or offensive to another, coupled with the apparent ability to execute the act.

2. Any act which is intended to place another in fear of immediate physical contact which will be painful, injurious, insulting, or offensive, coupled with the apparent ability to execute the act.

"Participating" is defined in section 702.13, Supplement to the Code 1977, as thus:

A person is "participating in a public offense," during part or the entire period commencing with the first act done directly toward the commission of the offense and for the purpose of committing that offense, and terminating when the person has been arrested or has withdrawn from the scene of the intended crime and has eluded pursuers, if any there be. A person is "participating in a public offense" during this period whether the person is successful or unsuccessful in committing the offense.

Defendant concedes that the crime charged in this case necessarily includes an assault. But here agreement ends. Defendant advances two arguments why the legal element test is not met here. He first argues that assault while participating in a felony cannot be a lesser included offense because the elements for it and sexual abuse in the third degree are the same. He arrives at this conclusion by asserting that the felony must be completed for there to be a conviction for an assault while participating in the felony.

This conclusion, however, ignores the final sentence of section 702.13, which declares that "[a] person is 'participating in a public offense' during this period *whether the person is successful or unsuccessful in committing the offense.*" (Emphasis added.) This clearly expresses the intent that the felony need not have been completed. This also is logical, for there would be no need for the legislature to provide two offenses for the same criminal act. Professor Yeager[2] explains the reach of section 708.3 with these sentences:

---

1. § 702.17 SEX ACT. The term "sex act" . . . means any sexual contact between two or more persons, . . . by contact between the mouth and genitalia . . . .

2. Professor John H. Yeager served as consultant to the legislative subcommittees on criminal law and sentencing which developed the original draft of those parts of the revised Iowa criminal law.

Once a felony has progressed to the point where an assault is made, the felons will be participating in a felony as the term is defined in § 702.13. The coverage of this section is somewhat broader than the former law in that this section does not require any connection between the assault and the felony other than that the person committing the assault be at that time participating in a felony.

J. Yeager & R. Carlson, 4 *Iowa Practice: Criminal Law and Procedure* § 178 (1979).

■ Defendant's second argument is that "participating" in a felony requires that more than one person be involved. He contends that "the legislature intended 'participation' to mean joint conduct." We are unable to agree. Initially we note that section 702.13 is written in the singular number. There is no indication in the statutory definition that participating in a public offense demands the complicity of two or more people. The term participating is, in fact, directed only toward the taking part in an event, *i. e.,* a public offense, and not to the number of people who have a role in that event. *See* J. Yeager & R. Carlson, *supra* § 40. We are satisfied that taking part in a public offense constitutes participating in the offense, without regard to whether others in some manner also participate. Moreover, joint criminal conduct is defined elsewhere in the Code. *See* § 703.2, Supplement to the Code 1977.[3]

■ Although finding no merit in defendant's arguments, we nevertheless must still decide whether assault while participating in a felony fulfills the legal element test for being a lesser included offense of sexual abuse in the third degree. We are satisfied that it does. Manifestly, an assault is committed when a sex act is performed by force or against the will of another. *Compare* § 709.4(1) (sexual abuse in the third degree) *with* § 708.1 (assault). The intent requirements are of the same character. For assault, it is sufficient if the defendant intends to offensively touch someone, § 708.(1); for sexual abuse, the

defendant must generally intend to commit the proscribed sexual contact, *see* W. La-Fave & A. Scott, *Handbook on Criminal Law* § 28, at 196 (1972); *see State v. Booth,* 169 N.W.2d 869, 874 (1969). Furthermore, an assault can be committed even though the attempt to perform a sex act by force or against another's will is unsuccessful. The requirement of participating in a felony of section 708.3 also falls within section 709.4(1) (sexual abuse in the third degree). Obviously, accomplishing a proscribed sex act requires physically participating in that act, as defined in section 702.13. The mental elements are likewise the same. For participating in a felony, section 702.13 arguably implies a prerequisite that the defendant intend to commit the felony he or she was participating in. That intent will thus be the same as the intent required for the object felony. Nor does the lesser included offense here contain a requisite element dissimilar to any required for conviction of the greater crime. *See State v. Holmes,* 276 N.W.2d at 825.

Our foregoing conclusion is also consistent with the law prior to the criminal code revision. The crime of rape, under former section 698.1 of the Code, was supplanted by the offense of sexual abuse, although the latter embodies a broader range of activity. *See* J. Yeager & R. Carlson, *supra* § 202. Former section 698.4 of the Code, assault with intent to commit rape, is seen by two commentators as *now included within* section 708.3. *See* J. Roehrick, *The New Iowa Criminal Code: A Comparison* 84–85 (1978); J. Yeager & R. Carlson, *supra* § 178. And Iowa case law prior to the criminal code revision held that assault with intent to commit rape was a lesser included offense in the charge of rape. *E. g., State v. Anderson,* 222 N.W.2d 494, 497 (Iowa 1974); *State v. Pilcher,* 158 N.W.2d 631, 633–35 (Iowa 1968); *State v. Hoaglin,* 207 Iowa 744, 754, 223 N.W. 548, 552 (1929). Inclusion of the lesser offense was required even where the defendant claimed, as does this defendant, that he was guilty of completing

---

3. *See generally* chapter 703, The Code 1979, PARTIES TO CRIME (defining aiding and abetting, joint criminal conduct, accessory after the fact, etc.).

the offense charged, or not guilty at all. *See Pilcher*, 158 N.W.2d at 634–35. This is because the jury may harbor a reasonable doubt as to whether the rape, or here the sex act, was actually accomplished under the circumstances shown and yet have no reasonable doubt that there was an intent and attempt to accomplish the act charged, or here that an assault was committed some time after the first act done toward and for the purpose of commission of the charge. *See id.*

■ Also persuasive to our conclusion is the before-noted purpose of the criminal law revision as primarily a restatement of the prior law and not a scrapping of it. *State v. Iowa District Court*, 286 N.W.2d 22, 24 (Iowa 1979); *Emery v. Fenton*, 266 N.W.2d 6, 8 (Iowa 1978). Moreover, we have said: "Changes made by revision of a statute will not be construed as altering the law unless the legislature's intent to accomplish a change in its meaning is clear and unmistakable." *Id.* at 10.

■ The revisions noted in our analysis of the issues presented here, while broadening the scope of activities covered, do not reflect an intent to alter the application of the law of lesser included offenses in situations of this kind. *See Spencer Publishing Co. v. City of Spencer*, 250 Iowa 47, 53, 92 N.W.2d 633, 636 (1958) ("where an amendment leaves certain portions of the original act unchanged, such portions are continued in force, with the same meaning and effect they had before the amendment"). Trial court did not err when instructing the jury that assault while participating in a felony is a lesser included offense of the crime of sexual abuse in the third degree.

■ II. *Did the evidence in this case provide a factual basis for submitting to the jury the lesser offense?* We believe it did. The prosecuting witness testified that she was struck, pushed down and held against her will by defendant. She also described defendant's attempt to force her to perform oral sex with him. Although defendant denied the entire episode, the State's evidence generated a factual basis for submit-

ting the lesser offense. There was substantial evidence to permit the jury to find that defendant assaulted Walker while participating in an unsuccessful felony.

AFFIRMED.

All Justices concur except McCORMICK and UHLENHOPP, JJ., who concur specially.

McCORMICK, Justice (concurring specially).

I am unable to agree with the court's analysis of the included offense issue although I reach the same result.

The determination of whether one offense is included in another does not depend on whether elements of the lesser offense are identical to or embraced in particular elements of the major offense. Instead, the determination depends on whether "the minor *offense* is necessarily an elementary part of the greater." *State v. Marshall*, 206 Iowa 373, 375, 220 N.W. 106, 106 (1928) (emphasis supplied).

This distinction can be illustrated by examining the relationship between rape and assault with intent to commit rape as those offenses were defined prior to the criminal code revision. Rape was proscribed in § 698.1, The Code 1977, which provided in part: "If any person ravish and carnally know any female by force or against her will . . . he shall be imprisoned . . . ." Rape required (1) carnal knowledge with the complainant (2) by force and against her will. *See State v. Gray*, 216 N.W.2d 306, 307 (Iowa 1974). Assault with intent to commit rape required (1) assault (2) with intent to commit rape. *See State v. Hoaglin*, 207 Iowa 744, 748, 223 N.W. 548, 550 (1929).

It can be seen at once that the elements of the minor offense do not match elements of the major offense. Specific intent was not an element of rape. *See State v. Booth*, 169 N.W.2d 869, 874 (Iowa 1969). However, it was an element of the lesser offense of assault with intent to commit rape. *See State v. Ramsdell*, 242 Iowa 62, 66, 45 N.W.2d 503, 506 (1951). Nevertheless, as-

sault with intent to commit rape was included in rape because the lesser offense would necessarily be committed in the course of committing rape. The only difference between the completed offenses was that rape required carnal knowledge and the lesser offense did not. *See State v. Banks*, 213 N.W.2d 483, 485 (Iowa 1973).

In the present case, the issue is thus whether assault while participating in a felony is an elementary part of sexual abuse in the third degree. It is included if the major offense cannot be committed without committing the minor offense. Sexual abuse in the third degree, insofar as relevant here, requires (1) a sex act as defined in section 702.17, The Code, (2) between persons who are not at the time cohabiting as husband and wife (3) by force or against the will of the complainant. *See* 709.4(1). Assault while participating in a felony, insofar as relevant here, requires (1) an assault as defined in § 708.1(1) (2), while participating in a felony. *See* 708.3. As observed by the court, a person who is engaged in an act directed toward committing the felony of sexual abuse in the third degree is necessarily participating in a public offense as defined in section 702.13.

The only remaining question is whether sexual abuse in the third degree can be committed without an assault as defined in section 708.1(1). I am satisfied that sexual abuse in the third degree cannot be committed without an act "which is intended to result in physical contact which will be . . offensive to another, coupled with the apparent ability to execute the act."

Consequently the only difference between the completed offenses is that sexual abuse in the third degree requires proof the parties are not cohabiting as husband and wife and of a sex act. Therefore assault while participating in a felony meets the legal test as a lesser included offense of sexual abuse in the third degree.

Because a factual basis also existed for submission of the included offense, the trial court did not err in submitting it.

UHLENHOPP, J., joins this special concurrence.