STATE of Iowa, Appellee,

v.

**Dennis C. McCORMACK, Appellant.**

No. 62829.

Supreme Court of Iowa.

June 18, 1980.

Ralph W. Koons, Cedar Rapids, for appellant.

Thomas J. Miller, Atty. Gen., Douglas F. Staskal, Asst. Atty. Gen., and Jack W. Dooley, Johnson County Atty., for appellee.

Considered by REYNOLDSON, C. J., and LeGRAND, REES, HARRIS, and ALLBEE, JJ.

HARRIS, Justice.

This appeal from a conviction of second-degree theft of a motor vehicle in violation of sections 714.1(1) and 714.2(2), The Code 1979, challenges the trial court's instructions to the jury on two grounds. We find merit in both challenges and accordingly reverse the trial court and remand the case for a new trial.

■ I. The charge carried with it the lesser included offense of operating a motor vehicle without the owner's consent. § 714.7, The Code. Defendant's first assignment of error is addressed to an instruction given in explanation of the included offense. The State urges that any error is harmless in view of the jury verdict convicting defendant of the greater offense. By another instruction the jury was told not to consider the included offense unless they had first determined the defendant was not guilty of the greater offense. *See State v. Youngbear*, 203 N.W.2d 274, 278 (Iowa 1972).

We cannot however conclude that the error here meets the stiff requirements of being harmless beyond a reasonable doubt. *See State v. Lynch*, 197 N.W.2d 186, 190 (Iowa 1972), cert. denied 409 U.S. 1116, 93 S.Ct. 916, 34 L.Ed.2d 700 (1973). As will be seen, the confusion in the challenged instruction might have been the basis for the jury's finding that the defendant was guilty of the greater offense.

There is no challenge to the trial court's listing in instruction 12 of the elements of the greater offense:

(1) That on or about the fourth day of July 1978 the defendant knowingly took possession or control of an automobile;

(2) That the defendant did so with the intent to permanently deprive Charles A. Smith of the automobile;

(3) That the automobile, at the time of the taking, belonged to Charles A. Smith.

In subsequent instructions the trial court took up the lesser-included offense, intending to inform the jury on the elements of section 714.7, The Code:

Any person who shall take possession or control of any railroad vehicle, or any self-propelled vehicle, aircraft, or motor boat, the property of another, without the consent of the owner of such, but without the intent to permanently deprive the owner thereof, shall be guilty of an aggravated misdemeanor. A violation of this section may be proved as a lesser included offense on an indictment or information charging theft.

The challenged instructions are as follows:

### INSTRUCTION NO. 14

A person commits theft when he takes possession or control of any motor vehicle, the property of another, without the consent of the owner of such, having no intent to permanently deprive the owner thereof.

### INSTRUCTION NO. 15

You must find the defendant not guilty of the lesser included offense charged in the Trial Information, unless the State proves by evidence beyond a reasonable doubt, each of the following elements:

1. That on or about the 4th day of July, 1978, the defendant took the possession of said automobile belonging to Charles A. Smith.

2. That the possession and control was without the consent of Charles A. Smith.

If you find that the State has proved beyond a reasonable doubt, each of the elements then you will find the defendant guilty; but, if you find that the State has failed to prove beyond a reasonable doubt either of the elements, then you should find the defendant not guilty.

■ The substance of instruction 14 would be important to a jury considering a charge of operating a motor vehicle without the owner's consent. The intent element of that offense can exist even in the absence of any permanence in the defendant's purpose in misappropriating the vehicle. But the bare form in which instruction 14 was given here leaves it in hopelessly confused

conflict with the earlier described elements of the greater offense. Lacking is a clear explanation that the principle explained in instruction 14 is addressed only to the lesser offense.

The instruction when so limited should also omit the term "theft." The State argues the word is expressly justified by the last sentence of the section itself: "A violation of this section may be proved as a lesser included offense on an indictment or information charging theft." § 714.7. It is true that the legislature is its own lexicographer and so may define theft as it pleases. *State v. Fuhrmann*, 261 N.W.2d 475, 479 (Iowa 1978). Under this principle the legislature clearly had the power to make a violation of section 714.7 a lesser included offense of the greater one with which defendant was charged. So doing the legal elements test of the two-step lesser included offense test was satisfied. *State v. Inger*, 292 N.W.2d 119, 122 (Iowa 1980) (filed May 21, 1980); *State v. Johnson*, 291 N.W.2d 6, (Iowa 1980) (filed April 23, 1980). But it is another thing to argue that the jury was not misled or confused—or both—by the use of the word theft in the challenged instruction.

The trial court told the jury by the standard instruction that it had not attempted to embody all the applicable law in any one instruction but that in construing the instructions each one had to be considered and construed in the light of and together with every other instruction and applied as a whole to the evidence. This familiar and always appropriate instruction has saved numberless cases from reversal in spite of technical errors in instructions. But here it confounds the confusion at least as much as it clears it. It might be thought to be of some help for pointing the jury away from instruction 14. On the other hand it adds to the confusion by telling the jury to weigh in instruction 14 when it considers the elements of second-degree theft.

There is merit in defendant's complaint that the jury might have used instruction 14, rather than the definitions in instruction 12, as the basis for its second-degree theft conviction.

We conclude it was error for the trial court to overrule defendant's objections to instruction 14.

II. Defendant's challenge to instruction 15 is based on its failure to include the element of intent. In support of his contention that intent is an element of operating without consent under section 714.7 the defendant cites *State v. Drummer*, 254 Iowa 324, 330, 117 N.W.2d 505, 507–08 (1962) (construing section 321.76, The Code 1962), and *State v. Reaves*, 254 N.W.2d 488, 491 (Iowa 1977) (construing section 321.76, The Code 1975).

Again the State urges the question should not be addressed on the theory that defendant's conviction for theft renders the question moot. We have already held that the case must be reversed. In view of its likely recurrence upon retrial we think the question should be considered. Section 714.7, The Code 1979, is similar to its predecessor, section 321.76, The Code 1977, in failing to expressly list intent as an element.

> [P]ersuasive to our conclusion is the . . purpose of the criminal law revision as primarily a restatement of the prior law and not a scrapping of it. *State v. Iowa District Court*, 286 N.W.2d 22, 24 (Iowa 1979); *Emery v. Fenton*, 266 N.W.2d 6, 8 (Iowa 1978). Moreover, we have said: "Changes made by revision of a statute will not be construed as altering the law unless the legislature's intent to accomplish a change in its meaning is clear and unmistakable." *Id.* at 10.

*State v. Johnson, supra*, 291 N.W.2d at 10.

█ Under *Reaves* and *Drummer* it is clear that a general criminal intent was an element of operating under the prior section. A specific criminal intent, under the same authorities, was not. We hold general criminal intent remains an element under section 714.7, The Code 1979. This is true even though the section speaks of intent only in terms of a characteristic not required: permanence of purpose need not be shown.

Because instruction 15 did not contain such an intent element it was erroneous.

**REVERSED AND REMANDED.**

All Justices concur except LeGRAND, J., who concurs in the result.