STATE of Iowa, Plaintiff-Appellee,

v.

Harold Lee HOPKINS,
Defendant-Appellant.

No. 65201.

Court of Appeals of Iowa.

Sept. 29, 1981.

 

Alfredo G. Parrish of Parrish & Del Gallo, Des Moines, for defendant-appellant.

Thomas J. Miller, Atty. Gen. of Iowa, and Richard Cleland, Asst. Atty. Gen., for plaintiff-appellee.

Considered by OXBERGER, C.J., and DONIELSON, SNELL, CARTER, and JOHNSON, JJ.

DONIELSON, Judge.

Defendant was convicted by a jury of the crime of sexual abuse in the second degree, a violation of sections 709.1 and 709.3, The Code 1979. Defendant appeals contending that: (1) a photographic identification display was impermissibly suggestive; (2) the trial court should have instructed the jury on the lesser included offense of assault; and (3) an instruction on intent improperly distinguished between circumstantial and direct evidence. We affirm.

I.

On December 10, 1979, Kimberly Parks was the victim of an alleged rape. She was with the assailant for four to five hours during the daytime and had a good opportunity to clearly view the assailant. Ms. Parks described the assailant to the police and the defendant was subsequently arrested. Ms. Parks then identified the defendant as her assailant by picking his picture from a photograph spread in which five of the six pictures were taken in a vertical format, and one, that of defendant, was horizontal. Defendant objected to the use of the photographic identification evidence before the trial commenced, claiming that it was inherently suggestive and created a substantial likelihood of irreparable misidentification. The trial court held the identification evidence could be used.

Trial by jury commenced on April 3, 1980. At the close of evidence, the court instructed the jury upon both sexual abuse in the second degree and sexual abuse in the third degree, but refused to give an instruction for the lesser included offense of assault

and battery which was requested by the defendant. Defendant also objected to the trial court's jury instruction on intent, which was also overruled. The jury returned a verdict of guilty on April 9, 1980. A motion for a new trial was filed April 29, 1980, and overruled on June 6, 1980. Defendant was sentenced to be imprisoned for a period not to exceed twenty-five years at the men's reformatory, Anamosa, Iowa. Defendant then filed this appeal on June 11, 1980.

## II.

■ Defendant first contends that the trial court erred in allowing evidence of a photographic identification of defendant, when the procedure of identification was so impermissibly suggestive that it produced a substantial likelihood of misidentification. *State v. Mark*, 286 N.W.2d 396, 403–05 (Iowa 1980) requires a two step analysis of defendant's allegation of error. First, we must decide whether the out of court identification procedure used by the police was "impermissibly suggestive." Second, if we find the procedure was impermissibly suggestive, whether, under the totality of the circumstances, the suggestive procedure gave rise to "a very substantial likelihood of irreparable misidentification." We find that the identification procedures used in this case were not impermissibly suggestive. Furthermore, even if we assume the identification procedure is impermissibly suggestive, there is not a very substantial likelihood of irreparable misidentification because the reliability factors discussed in *Mark, Id.* at 405 are satisfied. The reliability factors, derived from *Neil v. Biggers*, 409 U.S. 188, 199, 93 S.Ct. 375, 382, 34 L.Ed.2d 401, 411 (1972), include:

> the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation.

Ms. Parks was with her assailant for four to five hours, thus affording her a good opportunity to view her assailant. During the ordeal Ms. Parks was required to pay close attention to her assailant while attempting to resist both his threats and actual attacks upon her. Ms. Parks' description of her assailant was essentially accurate except for her estimate of the assailant's weight. Ms. Parks was not uncertain when she identified the defendant as her assailant, and made the identification after a time lapse of, at most, two days after the alleged rape. After thorough consideration of the totality of the circumstances in this case, we affirm the trial court's admission of the photographic identification evidence.

## III.

■ Defendant next contends that the trial court erred when it gave instructions to the jury for both second and third degree sexual abuse, but refused to give an instruction for the lesser included offense of assault and battery, which was requested by the defendant. The State concedes that assault is a lesser included offense, but contends that the trial court's failure to instruct the jury on assault was harmless error. The State argues that when the jury had the option to convict the defendant on third degree sexual abuse[1] but refused to do so, there can be no prejudice to the defendant resulting from the trial court's failure to instruct on the still lesser offense of assault. *State v. Youngbear*, 203 N.W.2d 274, 278 (Iowa 1972); *State v. Franklin*, 163 N.W.2d 437, 440 (Iowa 1968); *State v. Clough*, 259 Iowa 1351, 1361, 147 N.W.2d 847, 853–54 (1967); *State v. Yanda*, 259 Iowa 970, 972, 146 N.W.2d 255, 256 (1966); *State v. Rutledge*, 243 Iowa 179, 47 N.W.2d 251, 260 (1951), *reh. denied*, 243 Iowa 201, 50 N.W.2d 801 (1952); *State v. Smith*, 215 Iowa 374, 380, 245 N.W. 309, 311 (1932).

The instant case is distinguishable from two recent Iowa cases involving alleged sexual abuse where instructions on the lesser included offense of assault were re-

1. A lesser included offense.

quired. In both *State v. Johnson*, 291 N.W.2d 6 (Iowa 1980) and *State v. Donelson*, 302 N.W.2d 125 (Iowa 1980), there were strongly contested factual questions of whether any sexual acts had occurred, but strong evidence to support factual findings that some form of assault had occurred. In *Johnson*, the State requested that an instruction on assault while participating in a felony be given as a lesser included offense, while defendant claimed he should be found either innocent or guilty of sexual abuse in the third degree, but not the lesser offense. In *Donelson*, the defendant conceded being with the victim and that the elements for some degree of assault existed, but denied any form of sexual abuse had occurred. Thus in both *Johnson* and *Donelson* the defendant's main defense was that no sexual act occurred. In *Johnson*, the State was entitled to the instruction it requested because it had proved all of the elements of the lesser included offense of assault while participating in a felony when it presented its case on abuse in the third degree. In *Donelson*, the defendant was entitled to instructions on the various degrees of assault because failure to do so would deprive him of his defense that no sexual acts occurred. In the instant case the defendant's only defense was one of wrong identity.[2] Whether or not Ms. Parks was actually sexually attacked by her assailant was never at issue, only the assailant's identity. The failure to instruct the jury on assault did not prevent consideration of an alternative crime put at issue by defendant as it did in *Donelson*. The only crime alleged was sexual abuse in either the second or third degree, and the only defense was wrong identity. We presume that the jury properly followed the court's instructions. *State v. Anderson*, 209 Iowa 510, 517, 288 N.W. 353, 356 (1929). The jury found the state had proved beyond a reasonable doubt all the elements of sexual abuse in the second degree and that defendant was the assailant. If there was a reasonable doubt as to either the commission of sexual abuse

or identity, the jury would have acquitted the defendant. This is a case where the defendant is either guilty of some form of sexual abuse or no crime at all. He was not found in the victim's presence as in *Johnson*, nor did he admit to commission of an assault as in *Donelson*. We find, therefore, that the trial court's failure to instruct the jury on assault was harmless error because it did not result in prejudice to the defendant. *State v. Youngbear*, 203 N.W.2d at 278.

### IV.

We have considered defendant's final contention, that the instruction on intent improperly distinguished between circumstantial and direct evidence, and find it without merit. The instruction complained of did not lower the State's burden of proof. "For purposes of proving guilt beyond a reasonable doubt, direct and circumstantial evidence are equally probative." *State v. O'Connell*, 275 N.W.2d 197, 205 (Iowa 1979). The instruction made no improper distinction and required the State to prove intent beyond a reasonable doubt.

AFFIRMED.

---

**2.** Defendant has maintained throughout the course of this proceeding that he was never with Ms. Parks, and that if an offense was

committed, it was committed by a person he knows as Donald Wayne Rogers.