# IN THE COURT OF APPEALS OF IOWA

No. 17-1724
Filed November 7, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**TRENTON D. SHELTON,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Mark J. Smith, Judge.


        Trenton D. Shelton appeals his convictions for willful injury resulting in serious injury and assault while participating in a felony.  **VACATED AND REMANDED FOR FURTHER PROCEEDINGS.**


        Eric D. Tindal of Keegan & Farnsworth, Iowa City, for appellant.

        Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.


        Considered by Potterfield, P.J., and Bower and McDonald, JJ.

**BOWER, Judge.**

Trenton D. Shelton appeals his convictions for willful injury resulting in serious injury and assault while participating in a felony. On appeal, Shelton claims his counsel provided constitutionally ineffective representation by permitting him to plead guilty to assault while participating in a felony without a sufficient factual basis. Shelton also claims his pleas were not knowing and voluntary because the court failed to advise him of mandatory surcharges. Finally, Shelton claims the court abused its discretion by imposing consecutive sentences. We find the record does not provide a sufficient factual basis of an underlying assault for the the assault while participating in a felony charge. On remand, the court should establish the factual basis for assault while participating in a felony and address potential colloquy deficiencies. We vacate and remand for further proceedings.

**I.      Background Facts & Proceedings**

On October 14, 2015, Shelton and a group of others were at a club in Davenport. At approximately 12:17 a.m. on October 15, a fight broke out between Shelton's group and another group. Video evidence showed Shelton striking a victim who was left unconscious in the hallway by the time Shelton returned to the original room. Approximately one minute later, Shelton walked back out and kicked the motionless victim several times before leaving. The victim was hospitalized with severe head trauma. A warrant issued for Shelton's arrest.

In February 2017, Shelton was arrested for willful injury causing serious injury, in violation of Iowa Code sections 703.1 and 708.4(1) (2015). The State filed a two-count trial information charging Shelton with willful injury resulting in

serious injury and attempt to commit murder, in violation of Iowa Code sections 703.1, 703.2, and 707.11(2).

On July 14, 2017, pursuant to a plea agreement, Shelton pleaded guilty to willful injury resulting in serious injury as a habitual offender. Shelton also pleaded guilty to assault while participating in a felony, in violation of sections 708.3(1) and 703.1. In exchange for his guilty pleas, the State dismissed the charge of attempted murder and did not pursue the habitual offender enhancement on the assault charge.

On October 20, Shelton was sentenced to a fifteen-year sentence for the willful injury offense as a habitual offender and a five-year sentence for assault to run consecutive to each other. Shelton appeals.

## II.     Standard of Review

"We review claims of ineffective assistance of counsel de novo." *State v. Finney*, 834 N.W.2d 46, 49 (Iowa 2013). To establish an ineffective-assistance-of-counsel claim, the defendant must show counsel failed to perform an essential duty which resulted in prejudice. *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006).

## III.     Merits

Shelton claims his counsel was ineffective for allowing him to plead guilty to assault while participating in a felony and for failing to file a motion in arrest of judgment alleging the same. In particular, Shelton states the willful injury assault ended before the second assault and the record does not support Shelton's participation in a separate felony at the time of the second assault.

"[N]o advice to plead guilty would be considered competent absent a showing of a factual basis to support the crimes to which the accused has elected to plead guilty." *Finney*, 834 N.W.2d at 62. If no factual basis supports a guilty plea, then "counsel fail[s] to perform an essential duty both in allowing the plea to be made and in failing to pursue a motion in arrest of judgment to challenge it." *State v. Rodriguez*, 804 N.W.2d 844, 849 (Iowa 2011); *State v. Ortiz*, 789 N.W.2d 761, 764 (Iowa 2010). "On a claim that a plea bargain is invalid because of a lack of accuracy on the factual-basis issue, the entire record before the district court may be examined." *Finney*, 834 N.W.2d at 62. The district court need not have evidence beyond a reasonable doubt that the defendant committed the crime, just demonstrate facts to support the charge. *Id.* We presume prejudice when counsel permits a defendant to plead guilty and waive the right to a motion in arrest of judgment without sufficient factual basis for the plea. *Rhoades v. State*, 848 N.W.2d 22, 29 (Iowa 2014).

The sources a court can look to when establishing a factual basis include asking the defendant, asking the prosecutor, examining a presentence report, the plea colloquy, and the minutes of evidence. *See Finney*, 834 N.W.2d at 56–60. "[T]he district court's reading of the technical terms in the information and having the defendant agree to those terms is not enough to establish a factual basis for those terms." *Rhoades*, 848 N.W.2d at 30. Any evidence considered other than the defendant's statements must be specifically articulated in the record. *State v. Philo*, 697 N.W.2d 481, 486 (Iowa 2005). Here, Shelton only contends his plea to assault while participating in a felony had an insufficient factual basis.

To prove an assault while participating in a felony, the State must (1) prove the defendant participated in a felony, and (2) prove he committed an assault while participating in that felony. *See State v. Johnson*, 291 N.W.2d 6, 8 (Iowa 1980). The amended trial information lists the code sections violated as 708.3(1), assault while participating in a felony, and 703.1, aiding and abetting. The plea agreement signed by the parties does not specify the felony but does state the assaults were separate. The order accepting the plea and the sentencing order lists only section 708.3 with no specification of the felony participated in. The State claims Shelton's willful injury felony was ongoing and provides the underlying felony for Shelton's assault while participating in a felony plea.

The colloquy for the factual basis established a basis for assault, including specifics about how Shelton assaulted the victim. No reference was made to the felony Shelton was allegedly participating in at the time of the second assault. The court noted on the record, "The defendant agrees there is no merger issue since both assaults were separate and completed acts which resulted in separate injuries, and were separated by time and there was a break in the actions of the defendant." This statement separates the willful injury in time from the assault charge, precluding its use as the underlying felony. The court's colloquy did not ask Shelton about any offenses other than the willful injury and the assault. Because the court found the willful injury was complete before the assault, it cannot serve as the predicate felony occurring at the time of the second assault.

Nothing in the record establishes what felony Shelton was participating in at the time of the second assault. We find an insufficient factual basis to support Shelton's plea to assault while participating in a felony.

The appropriate remedy is either to vacate and remand for dismissal if the defendant was charged with the wrong crime or to vacate and remand for further proceedings to establish a factual basis if it is possible for a factual basis to be shown. *State v. Schminkey*, 597 N.W.2d 785, 792 (Iowa 1999). We vacate the sentence and remand for the State to establish a factual basis. *See id.*

If the State cannot establish a separate felony occurring at the time of the assault, it did not get the benefit of its plea bargain and the district court should vacate both convictions and return the State to the position it had before the plea agreement, allowing the State to proceed against Shelton on all charges and sentencing enhancements contained in the trial information or otherwise supported by the evidence. *See State v. Gines*, 844 N.W.2d 437, 442 (Iowa 2014). Should a sufficient factual basis be established, on remand the district court should address Shelton's colloquy and sentencing concerns. In particular, the court should be mindful of the plea colloquy requirements established by *State v. Weitzel*, 905 N.W.2d 397, 407–08 (Iowa 2017) (establishing plea colloquy requirements to identify and explain surcharges as part of punishment).

**VACATED AND REMANDED FOR FURTHER PROCEEDINGS.**